■ In the Matter of DONNA WEMETT et al., Appellants, v COUNTY OF ONONDAGA, Respondent.—Order unanimously reversed, with costs, and motion granted. Memorandum: Petitioners appeal from an order of Supreme Court, Onondaga County, denying an application for leave to file a late notice of claim for personal injuries (General Municipal Law, § 50-e, subd 5). On February 9, 1977 petitioner wife suffered personal injuries and property damage when a county snowplow backed into her automobile. During the 90-day time limit imposed by section 50-e (subd 1, par [a]) of the General Municipal Law for filing claims against public corporations, she consulted with her attorney and when it appeared that her personal injuries would not constitute a "serious injury" under section 673 of the Insurance Law (her medical expenses totaled $277 and were not expected to exceed the $500 statutory threshold), no notice of claim was filed with the county. The county's insurance carrier promptly paid her total property damage claim of $668. Upon referral to a medical specialist, it was determined on June 23, 1977 that petitioner had sustained a bilateral thoracic outlet syndrome as a result of the accident. Surgery was prescribed and was performed in August. In December, 1977 petitioners' attorney was advised of the serious injury, and these proceedings were immediately commenced. It is alleged that her condition required further surgery which was performed in January, 1978. Special Term denied petitioners' application, holding that no explanation was offered for the protracted delay in serving the notice of claim after they learned of the seriousness of her injuries and that the county was prejudiced because the delay had put evidence essential to its defense of a personal injury action beyond its reach. We disagree. First of all, petitioners' failure to file within the 90-day period is excusable since the symptoms of Ms. Wemett's serious injury were not readily apparent and her condition was not diagnosed until June, 1977, well after the time limitation had passed.

The court has great flexibility and discretion to grant extensions of time within which to file notice of claim provided that the extension does not exceed the time limited for the commencement of an action against the county (General Municipal Law, § 50-e, subd 5). Petitioners' application was made well within this time limitation. Secondly, the county is not prejudiced by petitioners' failure to file within the 90-day period. Here, a timely notice of claim would not have disclosed a condition, not even known to the claimants. Any prejudice claimed by the county is attributed to petitioners' failure to file their application immediately after the diagnosis of the wife's condition in June, 1977. However, the accident was investigated by the Onondaga County Sheriff's office, an accident report was filed, and petitioners' property damage claim was paid by the county's insurance carrier. Thus the county acquired "actual knowledge of the essential facts constituting the claim" except the medical facts, which did not surface until June, 1977 (cf. *Williams v Town of Irondequoit,* 59 AD2d 1049, 1050). The county claims substantial prejudice, maintaining that petitioners' delay lulled it into a state of inaction; it pursued little or no investigation of the circumstances surrounding the accident. It also argues that if the claim had been timely filed, the county would have had opportunity to conduct a physical examination of Ms. Wemett earlier and to explore a possible causal connection between her disability and "a prior 1976 accident" (General Municipal Law, § 50-h, subd 1). The circumstances surrounding the accident, however, seem clear and uncontroverted. The county's claim of prejudice is specious. In December, 1977, when this application was made, the county was alerted by petitioners' moving papers that additional surgery was contemplated in January, 1978. In the face of this information, the county mechanically pursued its objection to petitioners' application and demonstrated no interest in a physical examination of petitioner wife. Adequate medical information for its defense is presently available through appropriate discovery procedures. A just claim for damages for a serious injury, undiagnosed during the statutory 90-day period, should not be forfeited for failure to give notice where the basic purpose of the statute is not offended and where no substantial prejudice exists. Upon consideration of the entire record and the facts and circumstances of this case, we feel that the application should have been granted. (Appeal from order of Onondaga Supreme Court—notice of claim.) Present—Moule, J. P., Cardamone, Simons, Schnepp and Witmer, JJ.