■ SIDNEY HOFFMAN, Appellant, v AUGUST J. GUISTI, Respondent.—In a negligence action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Westchester County, dated December 19, 1978, as denied his motion for summary judgment. Order affirmed insofar as appealed from, without costs or disbursements. There are issues of fact in this case, and thus the plaintiff's motion for summary judgment was properly denied. Titone, J. P., Shapiro, Martuscello and Mangano, JJ., concur.

■ SHIU YU LIANG et al., Respondents, v BRUCE L. BATEMAN, Appellant. —In a negligence action to recover damages for personal injuries, etc., defendant appeals from an order of the Supreme Court, Queens County, dated June 20, 1978, which denied his motion for a protective order. Order modified by adding after the word "denied" the following: "except as to so much of item '5' which requires defendant to produce copies of all statements from any witnesses to the accident and from defendant who participated in the accident. As to this part of item '5', defendant's motion for a protective order is granted." As so modified, order affirmed, with $50 costs and disbursements to the defendant. Special Term erred in denying defendant's motion for a protective order regarding Item No. "5" of plaintiffs' notice of discovery. It called for discovery and inspection of copies of statements made by witnesses to the accident and, *inter alia,* statements from defendant who was a participant in the accident. It has been held that these statements constitute "Material prepared for litigation" (CPLR 3101, subd [d]) and are qualifiedly exempt from disclosure (see *Finegold v Lewis,* 22 AD2d 447; *Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248, 251; CPLR 3101, subd [d]). Accordingly, the order denying defendant's motion for a protective order has been modified to the extent indicated. Hopkins, J. P., Suozzi, Cohalan and Margett, JJ., concur.

■ MARY T. MARTOCCI, Appellant, v EMIL V. MARTOCCI, Respondent.—In a matrimonial action in which the plaintiff was granted a divorce, she appeals, as limited by her brief, from so much of an order of the Supreme Court, Nassau County, entered May 29, 1978, as (1) after a hearing, granted the defendant's motion for a downward modification of the alimony provision of the judgment of divorce from $300 per week to $210 per week, and (2) in granting plaintiff's cross motion for a judgment for arrears in alimony, stayed enforcement thereof provided that defendant pay the sum of $25 per week on account. Order reversed insofar as appealed from, on the facts and as an exercise of discretion, with costs, defendant's motion is denied and the matter is remitted to Special Term for computation of present arrears and the entry of an appropriate amended judgment therefor. In our opinion the defendant failed to establish a change of circumstances warranting a downward modification of the alimony provision of the judgment of divorce. In addition, it was an improvident exercise of discretion to stay enforcement of the judgment for the arrears on condition that defendant pay only $25 per week on account since it appears that his financial condition is sufficient to permit payment of those arrears in a lump sum. Hopkins, J. P., Damiani, Rabin and Mangano, JJ., concur.