■ THOMAS PASSALACQUA et al., Appellants, v COUNTY OF ONONDAGA, Respondent. — Order entered October 6, 1982 unanimously reversed, on the law and facts, with costs, and motion granted; appeal from order entered August 19, 1982 dismissed as moot. Memorandum: The court erred in denying plaintiff's motion for leave to file a late notice of claim. The court held that "movant had failed to adequately demonstrate that his claim was meritorious and failed to portray any excuse for the delay in serving a notice of claim." Subdivision 5 of section 50-e of the General Municipal Law gives the court broad discretion on such applications so long as the motion is made within the time before which the court's discretion is precluded (*Fraccola v City of Utica,* 77 AD2d 161). The present motion is not time barred. The statute sets forth various factors for the court to consider in exercising its discretion and while these factors are directive rather than exclusive, a showing of merit and sufficient excuse for the delay in filing the notice of claim are not enumerated conditions. In any event, no one factor is a prerequisite to the granting of the relief requested (*Bay Terrace Coop. Section IV v New York State Employees' Retirement System Policemen's & Firemen's Retirement System,* 55 NY2d 979). Here, plaintiff, in the course of his employment as a painter working in a confined area, was caused to inhale coal tar epoxy from which he suffered injury. The seriousness of his injuries was not diagnosed until several months later. Under the circumstances, he should not be foreclosed from seeking recovery for these injuries, especially since defendant has not made any significant demonstration of prejudice by the late filing of the notice of claim (*Matter of Wemett v County of Onondaga,* 64 AD2d 1025). (Appeals from orders of Supreme Court, Onondaga County, Balio, J. — late notice of claim.) Present — Doerr, J. P., Denman, Boomer, Green and Schnepp, JJ.

■ JOHN S. TROUP et al., Plaintiffs, v MIDLAND-ROSS CORPORATION, Respondent and Third-Party Plaintiff-Respondent, et al., Defendants. MORGAN ENGINEERING COMPANY et al., Third-Party Plaintiffs; BETHLEHEM STEEL CORPORATION, Third-Party Defendant-Appellant. — Order unanimously affirmed, with costs. Memorandum: The statements of third-party defendant's employees enjoyed a qualified privilege as material prepared for litigation (CPLR 3101, subd [d]; *Shiu Yu Liang v Bateman,* 68 AD2d 934). Nevertheless, once they were released to third-party defendant Bethlehem pursuant to CPLR 3101 (subd [e]), the liberal disclosure policy underlying CPLR 3101 required full disclosure in this multiparty action (see Siegel, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C3101:13, 1982-1983 Pocket Part, pp 24-25). (Appeal from order of Supreme Court, Erie County, Bayger, J. — discovery.) Present — Doerr, J. P., Denman, Boomer, Green and Schnepp, JJ.

39 STEPHANIE BARRINGER, Respondent, v I. J. LUPPINO, INC., or 2920 WILLIAM STREET, et al., Appellants. — Appeal unanimously dismissed, without costs, upon stipulation. (Appeal from order of Supreme Court, Erie County, Bayger, J. — dismiss complaint.) Present — Doerr, J. P., Denman, Boomer, Green and Schnepp, JJ.