# FOURTH DEPARTMENT, JANUARY, 1984

## (January 27, 1984)

■ JOHN F. INNES, III, Appellant, v COUNTY OF GENESEE et al., Respondents. — Order reversed, with costs, and motion granted. Memorandum: Special

Term abused its discretion in denying plaintiff's application to file a late notice of claim. Plaintiff, 19 years of age at the time of the accident, suffered serious injuries and spent five and one-half weeks in the hospital and thereafter was disabled until March 15, 1983, well beyond the 90-day limitation period imposed by section 50-e of the General Municipal Law. The accident occurred on a public road that is owned by the defendant, Town of Stafford (Town), and had been reconstructed by the defendant, County of Genesee (County). Plaintiff alleged that the accident resulted from the negligent design and maintenance of the road. The accident was investigated by a County deputy sheriff within minutes and his report noted that plaintiff was unable to see the other vehicle because of the contour of the road (see *Matter of Wemett v County of Onondaga,* 64 AD2d 1025, 1026). Thus defendants acquired actual knowledge of all the facts relevant to plaintiff's claim shortly after the claim arose (see *Matter of Somma v City of New York,* 81 AD2d 889; *Matter of Jakubowicz v Dunkirk Urban Renewal Agency,* 75 AD2d 1019). Defendants have presented no evidence that the condition of the road is any different now than it was at the time of the accident and have failed to establish that they would be prejudiced if plaintiff's application is granted (see *Passalacqua v County of Onondaga,* 94 AD2d 949). Therefore, plaintiff's application to file a late notice of claim should have been granted (see *Matter of Bowen v Salamanca Dist. Hosp. Auth.,* 99 AD2d 658). All concur, except Boomer and Moule, JJ., who dissent and vote to affirm, in the following memorandum.

Boomer and Moule, JJ. (dissenting). In our view the denial of plaintiff's application, which was made nearly nine months after the occurrence, was a proper exercise of discretion. The majority's statement that plaintiff was "disabled until March 15, 1983" is unsupported by the record since no medical proof of disability is provided (*Fox v City of New York,* 91 AD2d 624; *Matter of Klobnock v City of New York,* 80 AD2d 854). Furthermore, it is inconsistent with his allegations that he was hospitalized only for five and one-half weeks from October 17, 1982 and that he was conducting settlement negotiations with the insurance carrier of another defendant nearly a month prior to the application. Also contrary to the majority's conclusion, the defendants did not acquire "actual knowledge of all the facts relevant to plaintiff's claim" through an investigation by a Genesee County deputy sheriff. The accident report he prepared does not show or mention any acts of negligence by the defendants as a cause of the accident. Rather, it states only that "Vehicle #1 southbound on Roanoke Rd. attempting to make a U-turn on Hillcrest. Vehicle #2 [plaintiff] southbound on Roanoke Rd. was unable to see Vehicle #1 in time to stop." The report thus fails to connect the accident to any negligent acts or omissions by the defendants and, therefore, did not furnish notice of essential facts of the claim (see *Matter of Morris v County of Suffolk,* 88 AD2d 956, affd 58 NY2d 767; *Fox v City of New York, supra;* cf. *Matter of Cooper v City of Rochester,* 84 AD2d 947; *Matter of Wemett v County of Onondaga,* 64 AD2d 1025). Additionally, while it may be true that Roanoke Road has not changed since the day of the accident, defendants may have suffered other prejudice from the delay. The passage of nearly nine months (now 15 months) will conceivably hamper their ability to thoroughly investigate the cause of the accident, e.g., the speed and placement of the vehicles, the interviewing of witnesses, if any, and the expert evaluation of any skidmarks and the automobiles involved in the accident (see *Tarquinio v City of New York,* 84 AD2d 265, affd 56 NY2d 950). Moreover, the presence or absence of any one factor specified in the statute, including actual prejudice to the defendants, is not determinative of a motion under subdivision 5 of section 50-e of the General Municipal Law (*Matter of Morris v County of Suffolk, supra*). By finding the delay here excusable, "precious little of section 50-e of the General Municipal Law * * * survive[s] in this department" (*Matter*

*of Morris v County of Suffolk,* 88 AD2d 956, 957, *supra).* (Appeal from order of Supreme Court, Monroe County, Siracuse, J. — late notice of claim.) Present — Hancock, Jr., J. P., Denman, Boomer, Green and Moule, JJ.