**GUTHRIE AIRCRAFT, INC., Batavia Aviation, Inc., Plaintiffs,**

v.

**GENESEE COUNTY, NEW YORK, Prior Aviation Service, Inc., Defendants.**

**No. CIV–79–142C.**

United States District Court, W.D. New York.

Nov. 8, 1984.

Harris, Beach, Wilcox, Rubin & Levey, Rochester, N.Y. (James M. Hartman, Rochester, N.Y., of counsel), for plaintiffs.

Phillips, Lytle, Hitchcock, Blaine & Huber, Buffalo, N.Y. (Paul K. Stecker, Buffalo, N.Y., of counsel), for defendant Genesee County.

Damon & Morey, Buffalo, N.Y. (F. James Kane, Jr., Buffalo, N.Y., of counsel), for defendant Prior Aviation Service, Inc.

CURTIN, Chief Judge.

Defendant Genesee County filed a motion to disqualify plaintiffs' counsel, Harris, Beach, Wilcox, Rubin and Levey, in August of 1984. Oral argument was heard on the motion on October 5, 1984. After reviewing submissions by all parties and considering the points made in argument, the defendant's motion is granted.

■ Initially, it should be noted that motions to disqualify attorneys are generally disfavored. *Board of Education of New York City v. Nyquist*, 590 F.2d 1241 (2d Cir.1979). In this case, however, the motion must be granted.

At the time plaintiffs' case was filed in February of 1979, they were represented by the firm of Dempsey and Dempsey. In February of 1984, the Dempsey firm moved to withdraw from the case, and on April 11, 1984, the Harris, Beach firm was ordered substituted for the Dempsey firm.

In early July of this year, it came to the attention of defendant Genesee County's counsel, and eventually the court, that plaintiffs' attorneys, Harris Beach, were simultaneously representing Genesee County in a case in a New York State court. That case, *Innes v. Genesee County, et al.*, is a tort action in which the County is charged with negligent design and maintenance of a road (Item 86, Exhibit D–2). Harris, Beach entered the state action on behalf of Genesee County in June of 1983 (Item 91).

■ This sort of adverse representation of a current client has been held to be *prima facie* improper by the United States Court of Appeals for the Second Circuit. *Cinema 5, Ltd. v. Cinerama, Inc.*, 528 F.2d 1384 (2d Cir.1976). An attorney must show that there will be no actual or apparent conflict in his loyalties or diminution of the vigor of his representation. *Id.* at 1387.

> Putting it as mildly as we can, we think it would be questionable conduct for an attorney to participate in any lawsuit against his own client without the knowledge and consent of all concerned.

*Id.* at 1386.

■ Genesee County has not consented to this simultaneous, adverse representation and continues to demand the disqualification of Harris, Beach as attorney for plaintiffs in the *Guthrie* case. Moreover, both parties agree that a municipality may not consent to adverse representation, since the public interest is involved. New York State Bar Association Opinion Number 247 (1972).

■ Plaintiffs attempt to distinguish this case from *Cinema 5* by noting that in that case, the two actions involved were of a similar nature (Item 92, footnote 3). Both actions there alleged antitrust violations in the motion picture industry. Plaintiffs point out that the instant case, *Guthrie*,

involves antitrust claims, while the state court case, *Innes*, is a totally unrelated action in tort, involving claims of negligence against several defendants, including Genesee County. Plaintiffs also make a "Chinese wall" argument, noting that none of the Harris, Beach attorneys who are handling the *Guthrie* case in federal court are in any way involved in the *Innes* case. The *Innes* action is being handled by another of Harris, Beach's approximately 70 attorneys.

Plaintiffs' arguments fail. In *Cinema 5*, the court noted that a "substantial relationship" of issues test is inappropriate when a firm is representing clients with conflicting interests simultaneously. *Id.* at 1386. More recently, the Second Circuit *en banc* found that mere appearance of impropriety is insufficient, that the test should be whether there is a "threat of tainting the trial." *Armstrong v. McAlpin*, 625 F.2d 433, 445 (2d Cir.1980), *vacated and remanded on other grounds*, 449 U.S. 1106, 101 S.Ct. 911, 66 L.Ed.2d 835 (1981). In that case, however, an attorney who was a member of a government agency proceeding against a defendant quit the agency. He then joined a firm which represented a plaintiff against the same defendant in a related case. As the *Armstrong* court made clear:

> [T]his is not a case where a law firm, by use of a "Chinese wall," is attempting to justify representation of *conflicting interests at the same time.*

*Id.* at 445 (emphasis added), *citing Cinema 5*, 528 F.2d 1384.

Nevertheless, plaintiffs urge the court to find that, because other facts and circumstances of the *Guthrie* and *Innes* cases are different, there is no conflict of interest in the Harris, Beach firm representing them against Genesee County in *Guthrie* while defending the County in *Innes*. If there is no conflict, then plaintiffs claim there is no need to obtain the County's consent under *Cinema 5*.

The Harris, Beach attorney representing the County in *Innes*, Paul J. Yesawich III, states that he has thus far only prepared an answer, made certain discovery requests, and opposed a petition by plaintiff Innes to file a late notice of claim (Item 91). Denial of this petition was reversed by the Appellate Division, Fourth Department, in January of 1984. *Innes v. Genesee County, et al.*, 99 A.D.2d 642, 472 N.Y.S.2d 223 (4th Dept.1984). Mr. Yesawich said that at this point, he has had only one communication with the County involving notice of tort claims and has received absolutely no confidential information.

However, as Mr. Yesawich notes, the claim against the County in *Innes* is that it negligently designed, constructed, and maintained a road. Since the time Mr. Yesawich made his affidavit, it has come to the court's attention that he called Joseph Amedick to testify, on behalf of Genesee County, at an October 31 examination before trial in the *Innes* case. Joseph Amedick is the Genesee County Highway Superintendent. In the *Guthrie* case, plaintiffs have sought to adversely depose Mr. Amedick (Item 76) regarding the building of a snow fence near the airport. This snow fence is one of the key issues in plaintiffs' claims against the County (Item 1).

This leaves the Harris, Beach firm defending the County and its Highway Department in state court and adversely deposing its Highway Superintendent in federal court. Not only does such a result appear improper, but it poses a risk of actual impropriety. There would also, in the future if not at the present, be the risk that the Harris, Beach firm would have access to confidential information which could hurt defendant Genesee County in the *Guthrie* case. A "Chinese wall" is insufficient in this case.

Plaintiffs have failed to overcome the heavy presumption, as put forth in *Cinema 5*, against simultaneously representing adverse parties, both of which are Harris, Beach's clients in the traditional sense. (*See also Glueck v. Jonathan Logan, Inc.*, 653 F.2d 746, 749 (2d Cir.1981). Defendant Genesee County's motion to disqualify the plaintiffs' counsel, Harris, Beach, is granted.

The court recognizes the burden this order places on plaintiffs. This will be the third counsel plaintiffs have had to procure in this case. However, the Harris, Beach firm has been in the case only seven months. Hopefully, new counsel can be found soon and brought up to date on the case quickly.

Defendant Genesee County's motion to disqualify plaintiffs' counsel is granted. Plaintiffs are ordered to find new counsel by December 12, 1984. The court shall be notified of the name of counsel by that date so that a meeting may be held shortly thereafter to begin preparation for the resolution of this dispute.

So ordered.