■ In the Matter of MILTON S. HERMAN, Appellant, v VILLAGE OF CHESTER, Respondent.—In a proceeding pursuant to General Municipal Law § 50-e for leave to serve a late notice of claim, the petitioner appeals from an order of the Supreme Court, Orange County (Beisner, J.), entered July 9, 1985, which denied the application.

Ordered that the order is reversed, without costs or disbursements, and the application is granted to the extent of granting petitioner leave to serve a late notice of claim for injuries resulting from his arrest and detention on February 18, 1984.

The petitioner's claims arise from his arrest and detention on February 18, 1984, at 1:00 A.M., for, *inter alia,* driving while intoxicated and assault in the second degree. He was

released on a $1,000 bond that day. The Chief of Police of the town police department was in attendance at a March 1, 1984 proceeding during which an Assistant District Attorney moved to reduce the charge of assault in the second degree to assault in the third degree. All of the charges were dismissed on subsequent dates. The petitioner filed notices of claim on August 27, 1984, and March 26, 1985, for, *inter alia,* damages for unlawful detention, false imprisonment, assault during his confinement, and personal injuries.

General Municipal Law § 50-e (1) provides that a notice of claim must be served within 90 days of the accrual of the claim. The petitioner argues that CPLR 215 (8) should be interpreted as tolling the provisions of General Municipal Law § 50-e (1). CPLR 215 (8) provides: "Whenever it is shown that a criminal action against the same defendant has been commenced with respect to the event or occurrence from which a claim governed by this section arises, the plaintiff shall have at least one year from the termination of the criminal action as defined in section 1.20 of the criminal procedure law in which to commence the civil action, notwithstanding that the time in which to commence such action has already expired or has less than a year remaining".

General Municipal Law § 50-e (1) is a condition precedent to suit. CPLR 215 (8) is a toll on the commencement of the substantive cause of action (McLaughlin, Supplementary Practice Commentaries, McKinney's Cons Laws of NY, Book 7B, CPLR C215:8, p 279 [1986 Pocket Part]). As "[a] condition precedent is not a time limitation", CPLR 215 (8) does not apply to, or toll, the time period within which a notice of claim must be served under General Municipal Law § 50-e *(see, Glamm v City of Amsterdam,* 49 NY2d 714, *affg* 67 AD2d 1056, 1057).

The petitioner's further argument that the village acquired actual knowledge of the essential facts underlying his claims within the 90-day period does, however, have merit. It appears that the Chief of Police acquired knowledge of the petitioner's arrest. The petitioner avers that one of the officers involved in his arrest told him that he had communicated with Chief Farrel regarding the incident within 90 days thereof. Significantly, the defendant Village of Chester does not refute this factual allegation in its opposing papers. Moreover, the Chief of Police was present at the March 1, 1984 proceeding. We conclude that Chief Farrel timely acquired actual knowledge of the facts which is imputed to the Village of Chester *(see, Matter of Cooper v City of Rochester,* 84 AD2d 947). The

village's actual knowledge makes it unlikely that it would be prejudiced by the late serving of the notice of claim *(see, Matter of Beary v City of Rye,* 44 NY2d 398). Moreover, no actual prejudice has been demonstrated and the mere passage of time does not constitute substantial prejudice *(see, Hayden v Incorporated Vil. of Hempstead,* 103 AD2d 765). Therefore, leave to serve a late notice of claim should have been granted. Mangano, J. P., Brown, Weinstein and Spatt, JJ., concur.