■ In the Matter of Eve Halperin, Appellant, v City of New York, Respondent.—Order, Supreme Court, New York County (Francis N. Pecora, J.), entered May 8, 1986, which granted petitioner's motion to reargue an order dated February 13, 1986, which had denied petitioner's motion to amend her notice of claim to include an additional theory of liability, but adhered to the prior determination, modified, on the law and the facts, and in the exercise of discretion, to grant petitioner's motion to file the amended notice of claim submitted with her motion, which includes an additional theory of liability and, as so modified, affirmed without costs and without disbursements.

Appeal from the order of the same court, dated February 13, 1986, dismissed as subsumed in the above determination, without costs.

On August 17, 1985, petitioner sustained injuries as a result of a collision at the intersection of First Avenue and 86th Street between a vehicle operated by her and a Department of Sanitation truck. Police officers responding to the scene investigated the accident, and concluded on the basis of several

eyewitnesses' testimony that petitioner had entered the intersection against a red light. Although not critical to the issues on this appeal, it may be noted that the testimony of some witnesses indicated that the sanitation truck had entered the intersection at an excessive rate of speed. Also responding to the scene of the accident was an Assistant Commissioner of the New York City Department of Transportation, who fortuitously appeared at the scene on his day off.

On October 15, 1985, petitioner timely served a notice of claim upon the City of New York, alleging that her injuries were caused by the negligent operation of the Department of Sanitation vehicle. In a letter dated September 13, 1985 and a follow-up request, dated October 28, 1985, petitioner's attorney sought information from the Department of Transportation as to the synchronization of traffic lights along First Avenue. In a letter dated November 29, 1985, the Department of Transportation advised petitioner's attorneys that the traffic-control device at First Avenue and 86th Street was reported defective on August 19, 1985, at 11:14 A.M., two days after the accident on Saturday, August 17, and had been repaired later that day.

Shortly after the receipt of this letter, by notice of motion dated December 17, 1985, petitioner moved "to serve an Amended Notice of Claim * * * to allege an additional theory of negligence". The annexed amended notice of claim provided in pertinent part that in addition to the negligence of the City of New York in the operation of its vehicle, "[t]he City was also negligent in the maintenance, management, operation and control of the traffic signal, controlling the above intersection."

Special Term denied the motion in an order dated February 13, 1986, concluding that the City of New York had no prior notice of the claim of a defective traffic light and the lapse of time was accordingly prejudicial to the city, and further the petitioner had presented insufficient evidence to indicate that the traffic signal was inoperative or that it caused the accident. In a further order, dated May 8, 1986, Special Term granted petitioner's motion for reargument but adhered to its prior determination. We disagree.

For reasons that are not clear, the appellate arguments focused on petitioner's right to amend its notice of claim pursuant to General Municipal Law § 50-e (6) which permits correction "[a]t any time after the service of a notice of claim" of "a mistake, omission, irregularity or defect made in good faith". We agree with respondent that this section is not

available to permit an amendment of the notice of claim to set forth a new theory of liability except in a situation in which the failure to set forth that theory originally was the result of a mistake or an irregularity. However, petitioner's motion was for permission to set forth an amended notice of claim, and was not limited to requesting relief under General Municipal Law § 50-e (6). When the relevant facts are considered with regard to the provisions of General Municipal Law § 50-e (5), it is clear that the circumstances strongly support the granting of the motion to permit a new, more inclusive notice of claim to be served.

The events with which we are concerned were carefully investigated by several police officers in the presence of a responsible official of the Department of Transportation. It is obvious that the investigating officers were in a far better position to observe the condition of the traffic lights than the badly injured petitioner. The circumstance that a defect was reported on the Monday following the accident does not exclude the realistic possibility that a defective condition may well have existed prior to the time of the report.

In any event, we are not here concerned with the substantive merits of the lawsuit, but rather with whether the governing criteria properly invoke the discretionary power of the court to permit a late notice of claim to be filed. The record strongly supports the conclusion that the respondent had actual knowledge of the essential facts constituting the claim, and that the delay in asserting the new theory of liability did not substantially prejudice the respondent in maintaining its defense on the merits. (See, e.g., Matter of Annis v New York City Tr. Auth., 108 AD2d 643; Matter of Gerzel v City of New York, 117 AD2d 549.) Concur—Sandler, J. P., Kassal, Rosenberger and Wallach, JJ.