■ SHIRLEY C. JENKINS, Respondent, v COUNTY OF WESTCHESTER, Appellant.—In a proceeding pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim, the County of Westchester appeals from an order of the Supreme Court, Westchester County (Coppola, J.), dated December 9, 1986, which granted the application.

Ordered that the order is affirmed, with costs.

Under the circumstances, we find that the appellant was informed of the nature of the petitioner's claim within a reasonable time after the expiration of the 90-day period for serving a timely notice of claim and there is no basis in the record for concluding that the appellant will be substantially prejudiced by permitting the service of a late notice of claim (see, General Municipal Law § 50-e [5]; *Beatty v County of*

*Saratoga,* 74 AD2d 662, *appeal dismissed* 53 NY2d 939; *Matter of Wemett v County of Onondaga,* 64 AD2d 1025). Moreover, the petitioner did offer a reasonable excuse for her delay in serving a timely notice of claim *(see, Matter of Wemett v County of Onondaga, supra; Matter of Edwards v Town of Delaware,* 115 AD2d 205). We note that "[a]t issue here is not the merit of [the petitioner's] claim, but whether [the Supreme Court] abused its discretion in granting permission to [serve] a late notice of claim. Since proof of the merit of [the petitioner's] claim is not a stated criterion for permission to [serve] a late notice under subdivision 5 of section 50-e, [the petitioner was] under no obligation to present a prima facie case on this motion" *(Hamm v Memorial Hosp.,* 99 AD2d 638, 639; *see, Passalacqua v County of Onondaga,* 94 AD2d 949). Mangano, J. P., Brown, Lawrence, Weinstein and Kunzeman, JJ., concur.