■ In the Matter of ROBERT T. REISSE, Respondent, v COUNTY OF NASSAU et al., Appellants.—In a proceeding for

leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), the appeal is from an order of the Supreme Court, Nassau County (Brucia, J.), entered May 12, 1987, which granted the petitioner's application.

Ordered that the order is affirmed, with costs.

On January 24, 1986, the petitioner was arrested by detectives of the Nassau County Police Department and charged with aggravated harassment in the second degree (Penal Law § 240.30) and eavesdropping (Penal Law § 250.05). The charges arose out of a police investigation into harassing phone calls allegedly received by the petitioner's upstairs neighbor and landlord. The petitioner was released from custody on January 25, 1986, after having spent the night in jail. On August 8, 1986, all the charges against the petitioner were dismissed by the County Court, Nassau County (Goodman, J.), upon application of the District Attorney. The petitioner retained an attorney on December 22, 1986, to commence an action to recover damages for false arrest, false imprisonment, malicious prosecution and a violation of his civil rights under 42 USC § 1983. By order to show cause dated January 20, 1987, the petitioner moved for an order permitting him to serve a late notice of claim against the County of Nassau and the Police Department of Nassau County. The Supreme Court, in its discretion, granted the application.

In reviewing this matter, "we are not here concerned with the substantive merits of the lawsuit, but rather with whether the governing criteria properly invoke the discretionary power of the court to permit a late notice of claim to be filed" (Matter of Halperin v City of New York, 127 AD2d 461, 463). Whether the petitioner will be successful on his causes of action is an issue more properly determined at a later stage of the proceedings than at this juncture (see, Matter of Annis v New York City Tr. Auth., 108 AD2d 643, 645).

General Municipal Law § 50-e (5) grants the court the discretion to authorize the serving of a late notice of claim against a municipality keeping in mind that it must strike an "equitable balance * * * between a public corporation's reasonable need for prompt notification of claims against it and an injured party's interest in just compensation" (Camarella v East Irondequoit Cent. School Bd., 34 NY2d 139, 142-143). In determining whether to grant leave to serve a late notice, the court is directed to consider "whether the public corporation * * * acquired actual knowledge of the essential facts constituting the claim within the [90-day period] or within a reason-

able time thereafter" (General Municipal Law § 50-e [5]). The court may also consider other relevant factors such as the reason for the delay and whether the delay substantially prejudiced the municipality's ability to defend on the merits (Matter of Gerzel v City of New York, 117 AD2d 549, 550).

In this case, the appellants, through the active investigation by the Police Department for nearly a month prior to the arrest of the petitioner, clearly had actual knowledge of all the facts relevant to the petitioner's claims at the time those claims arose (see, Weinzel v County of Suffolk, 92 AD2d 545). Moreover, the appellants have not even suggested that they would be prejudiced by the delay in the serving of the notice of claim. Indeed, it is unlikely that there has been any prejudice to the appellants in view of their actual knowledge of the facts (see, Matter of Beary v City of Rye, 44 NY2d 398, 412-413). Thus, this case is distinguishable from those situations where the municipality did not have actual knowledge and there has been a change in the conditions which would prevent an accurate reconstruction of the circumstances existing at the time the claim arose (see, Kravitz v County of Rockland, 112 AD2d 352, affd 67 NY2d 685). In addition, the petitioner's counsel promptly moved for the appropriate relief upon being retained by the petitioner (see, Segreto v Town of Oyster Bay, 66 AD2d 796).

While the reasonableness of the petitioner's excuse for the delay is debatable, this court has previously stated that, "the statutory amendments to subdivision 5 of section 50-e of the General Municipal Law are to be liberally construed and that the absence of an acceptable excuse is not necessarily fatal. Rather, all relevant factors are to be considered, including the prejudice to the municipality and whether it obtained actual knowledge within the 90-day statutory period or shortly thereafter" (Matter of Cicio v City of New York, 98 AD2d 38, 39, and cases cited therein). Thus, under the facts and circumstances of this case, the Supreme Court did not improvidently exercise its discretion when it granted the petitioner leave to serve a late notice of claim (see, Rechenberger v Nassau County Med. Center, 112 AD2d 150; see also, Kavanaugh v Memorial Hosp. & Nursing Home, 126 AD2d 930). Kunzeman, J. P., Kooper, Sullivan and Balletta, JJ., concur.