■ KENNETH S. FISH et al., Appellants, v NEW YORK MILLS UNION FREE SCHOOL DISTRICT, Respondent. (Appeal No. 1.)—Order unanimously reversed on the law and in the exercise of discretion with costs and plaintiffs' motion to serve a late notice of claim granted. Memorandum: It was error for the court to deny the motion of plaintiff Kenneth Fish (the claim of his wife, Lorraine, is derivative) for permission to file a late notice of claim. Plaintiff sought leave to serve a late notice within four months of the expiration of the 90-day period and was thus well within the applicable 1-year, 90-day limitations period (see, General Municipal Law § 50-i [1]). The court erroneously found that defendant had not acquired actual knowledge of the facts constituting plaintiff's claim, which the court characterized as the psychological problems resulting from plaintiff's fall and the causal connection between those psychological problems and plaintiff's suicide attempt. Those facts do not constitute plaintiff's claim, however, but are components of his injuries. The claim for which plaintiff was required to give defendant notice was the alleged Labor Law violation which resulted in his fall at the construction site. It is undisputed that defendant had immediate actual notice of plaintiff's fall and the court so found. The fact that defendant was not apprised of the scope of plaintiff's injuries does not foreclose him from seeking recovery (see, Passalacqua v County of Onondaga, 94 AD2d 949; Matter of Wemett v County of Onondaga, 64 AD2d 1025). Even a timely served notice of claim would not have informed defendant of the particulars of plaintiff's injuries, his suicide attempt and resulting paraplegia. The medical and psychological evidence submitted by plaintiff demonstrated that he was mentally incapacitated from pursuing his personal injury claim as a result of the deterioration of his psychological condition following his fall. The only prejudice to defendant as a result of the delay is its exposure to increased liability. That is not the kind of prejudice that justifies denial of the relief requested by plaintiff. Defendant's actual notice of the claim within the 90-day period and the lack of any resulting prejudice together with plaintiff's demonstrated mental incapacity and the seriousness of his injuries compel a finding that plaintiff is entitled to file a late notice of claim (see, Matter of Ziecker v Town of Orchard Park, 70 AD2d 422, affd 51 NY2d 957; Kissell v

*County of Erie,* 138 AD2d 965; *Matter of Briggs v City of Geneva,* 130 AD2d 942; *Passalacqua v County of Onondaga, supra).* (Appeal from order of Supreme Court, Onondaga County, Reagan, J.—late notice of claim.) Present—Callahan, J. P., Denman, Boomer, Balio and Lawton, JJ.