■ ROSEMARIE MONTALTO et al., Appellants, v TOWN OF HARRISON, Respondent.—In an action to recover damages for false imprisonment and malicious prosecution, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Marbach, J.) dated January 29, 1988, which denied their motion for leave to file a late "amended notice of claim".

Ordered that the order is reversed, with costs, the motion is granted, and the "amended notice of claim" is deemed served.

As a result of circumstances which are not entirely clear from the present record, the plaintiff Rosemarie Montalto was arrested on November 24, 1986, for custodial interference *(see,* Penal Law § 135.45 [1]) arising out of a custody dispute between her daughter and son-in-law. Mrs. Montalto was apparently fingerprinted, photographed and detained for several hours before her release pending trial. On or about August 7, 1987, the charge was dismissed by the Town Court of the Town of Harrison.

On September 16, 1987, the plaintiffs served the defendant

with a notice of claim *(see,* General Municipal Law § 50-e) premised on false arrest and imprisonment and malicious prosecution. Because of the different accrual dates with respect to the two related but nonetheless distinct claims *(see, Broughton v State of New York,* 37 NY2d 451, *cert denied sub nom. Schanbarger v Kellogg,* 423 US 929), the notice was timely served with respect to the cause of action to recover damages for malicious prosecution but was some seven months late with respect to the cause of action to recover damages for false arrest and imprisonment. This action was commenced on November 3, 1987. Virtually simultaneously therewith, the plaintiffs moved *(see,* CPLR 2211) for leave to serve a late "amended notice of claim" with respect to the false arrest and imprisonment cause of action. In opposition, the defendant asserted only that the plaintiffs offered "no factual basis or valid excuse for [the] delay", and that, therefore, the application should be denied. The Supreme Court denied the motion.

We are not concerned here with the substantive merits of the lawsuit *(see, Matter of Reisse v County of Nassau,* 141 AD2d 649, 650; *Jenkins v County of Westchester,* 133 AD2d 808, 809) and the absence of an acceptable excuse for the delay is not necessarily fatal to the application *(see, Reisse v County of Nassau, supra; Matter of Chatman v White Plains Hous. Auth.,* 101 AD2d 838; *Matter of Cicio v City of New York,* 98 AD2d 38). The defendant made an insufficient showing of prejudice *(cf., Matter of Herman v Village of Chester,* 125 AD2d 469, 471). Further, in this case, knowledge of the facts underlying the false arrest and imprisonment claim may be imputed to the defendant *(see, Matter of Herman v Village of Chester, supra).* Under the circumstances of this case, the denial of the plaintiffs' motion was an improvident exercise of discretion. Brown, J. P., Sullivan, Harwood and Rosenblatt, JJ., concur.