■ In the Matter of INGE FRITSCH, Appellant, v WESTCHESTER COUNTY DEPARTMENT OF TRANSPORTATION, Respondent, et al., Respondent. (Matter No. 1.) In the Matter of INGE FRITSCH, Appellant, v WESTCHESTER COUNTY DEPARTMENT OF TRANSPORTATION, Respondent, et al., Respondent. (Matter No. 2.) INGE FRITSCH, Appellant, v WESTCHESTER COUNTY DEPARTMENT OF TRANSPORTATION, Respondent, et al., Defendant. (Matter No. 3.)—(1) In a proceeding (Matter No. 1), *inter alia,* for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), Inge Fritsch purportedly appeals from a judgment of the Supreme Court, Westchester County (Ferraro, J.), entered November 5, 1987, which dismissed the proceeding, (2) in a proceeding (Matter No. 2) for the same relief, Inge Fritsch appeals, as limited by her brief, from so much of· a judgment of the same court (Ferraro, J.), entered January 13, 1988, as dismissed the proceeding, and (3) in a negligence action to recover damages for personal injuries (Matter No. 3), Inge Fritsch appeals from (a) an order of the Supreme Court, Westchester County (Nastasi, J.), entered April 25, 1988, which, *inter alia,* held in abeyance her motion, *inter alia,* for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), pending receipt of further opposition papers from the defendants, (b) an order of the same court (Nastasi, J.), entered June 27, 1988, which denied that motion, (c) an order of the same court (Nastasi, J.), entered April 24, 1989, which granted the motion of the defendant Westchester County Department of Transportation to dismiss the complaint on the ground that a timely notice of claim had not been served, and (d) a judgment of the same court (Nastasi, J.), entered June 22, 1989, which, *inter alia,* dismissed the complaint.

Ordered that the purported appeal from the judgment entered November 5, 1987, is dismissed, for failure to file a notice of appeal; and it is further,

Ordered that the judgment entered January 13, 1988, is reversed insofar as appealed from, on the law and in the exercise of discretion, and the application is granted to the extent that leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5) on the Westchester County Department of Transportation is granted, and the notice of claim already served shall be deemed timely served; and it is further,

Ordered that the appeals from the orders entered April 25, 1988, June 27, 1988, and April 24, 1989, are dismissed; and it is further,

Ordered that the judgment entered June 22, 1989, is reversed, on the law and in the exercise of discretion, the orders entered April 25, 1988, June 27, 1988, and April 24, 1989, are vacated, the plaintiff's motion for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), is dismissed as academic, and the motion by the defendant Westchester County Department of Transportation to dismiss the complaint is denied; and it is further,

Ordered that the appellant is awarded one bill of costs.

The appeals from the intermediate orders entered June 27, 1988, and April 24, 1989, respectively, must be dismissed because the right of direct appeal therefrom terminated with the entry of judgment in the action (see, Matter of Aho, 39 NY2d 241, 248). The issues raised on appeal from those orders are brought up for review and have been considered on the appeal from the judgment (see, CPLR 5501 [a] [1]). The appeal from the order entered April 25, 1988, must be dismissed because it did not decide the motion and thus is not appealable as of right (CPLR 5701 [a] [2]).

Inge Fritsch, while driving her vehicle, collided with a bus owned by the Westchester County Department of Transportation (hereinafter the County). Thereafter, she served a notice of claim on the County eight days after the 90-day period set forth in General Municipal Law § 50-e (1) had expired. Her first application, inter alia, for leave to serve a late notice of claim pursuant to General Municipal Law § 50-e (5), was dismissed because the papers had not been properly served on the County. Thereafter, Fritsch properly reserved the papers, but she failed to purchase a new index number. The Supreme Court dismissed this second proceeding without prejudice, noting that Fritsch had failed to purchase a new index number; and that the notice of claim did not contain sufficient allegations to "fasten liability" on the County. Prior to the

Supreme Court's dismissal of her second application, Fritsch commenced the instant action. About one month after the dismissal of her second application, Fritsch again moved, *inter alia,* for leave to serve a late notice of claim, which motion was denied. Thereafter, the County moved to dismiss the complaint on the basis that a timely notice of claim had not been served, which motion was granted, and an appropriate judgment dismissing the complaint was entered. These appeals ensued.

The Supreme Court should have granted Fritsch's second application for leave to serve a late notice of claim. The fact that Fritsch did not obtain a new index number, a nonjurisdictional defect, which was readily curable, was an insufficient basis to dismiss the proceeding *(see, Matter of Kareca La-Shawn J. v County of Westchester,* 142 AD2d 729, 729-730). Further, the Supreme Court should have rendered a determination on the merits of this second application, which were addressed by the parties. We find that Fritsch's notice of claim, which was served only eight days beyond the statutory period, was sufficiently particular to assure the County a reasonable opportunity to conduct a full and effective investigation concerning the plaintiff's claim, thereby fulfilling the purpose of General Municipal Law § 50-e *(cf., Altmayer v City of New York,* 149 AD2d 638, 639). Indeed, the County, by its counsel's affirmation, acknowledged that it had conducted such an investigation, specifically setting forth the proposed testimony of certain witnesses to the accident. The County's sole substantive opposition to permitting the service of a late notice of claim was its contention that there was no merit to Fritsch's claim. However, it has been repeatedly held that "the merits of the petitioner's claims" *(Tatum v City of New York,* 161 AD2d 580, 581) are not a factor to be considered in determining an application for leave to serve a late notice of claim *(see, Tatum v City of New York, supra; Matter of Halperin v City of New York,* 127 AD2d 461, 463; *Hamm v Memorial Hosp.,* 99 AD2d 638, 639; *Passalacqua v County of Onondaga,* 94 AD2d 949). Fritsch was " 'under no obligation to present a prima facie case on this [second application]' " *(Jenkins v County of Westchester,* 133 AD2d 808, 809, quoting *Hamm v Memorial Hosp., supra,* at 639; *cf., Matter of Kareca LaShawn J. v County of Westchester, supra,* at 729; *Matter of Soe v County of Westchester,* 142 AD2d 584; *Matter of Hill v County of Chemung,* 112 AD2d 653, 654; *Fox v City of New York,* 91 AD2d 624, 625). The County argues that Fritsch could have served a timely notice of claim but failed to do so.

In addition to the fact that this argument is raised for the first time on appeal, we note that Fritsch's delay does not preclude the granting of her application for leave to serve a late notice of claim *(see, Matter of Fast v County of Broome,* 151 AD2d 930, 931; *Patterson v Town of Hempstead,* 104 AD2d 975, 976-977).

In light of our determination with regard to Fritsch's second application for leave to serve a late notice of claim, her appeal from the order denying her third application for the same relief has been rendered academic. Further, the judgment, based on the County's motion to dismiss the complaint on the ground that Fritsch did not serve a timely notice of claim, must be reversed, and the County's motion to dismiss the complaint denied. Thompson, J. P., Kunzeman, Lawrence and Miller, JJ., concur.