**19** BERNARD I. RAIZNER, Appellant, v CITY OF NEW YORK, Respondent.—Order, Supreme Court, New York County (Jawn A. Sandifer, J.), entered March 26, 1990, which denied petitioner's application pursuant to General Municipal Law § 50-e (5), seeking an extension of time to file a notice of claim, unanimously reversed, on the law, the facts and in the exercise of discretion, and the application is granted, without costs.

On August 16, 1989, petitioner allegedly twisted his left ankle and knee by stepping into a large hole or other sidewalk defect on the Grand Concourse near 158th Street in the Bronx. Believing his injuries were minor, petitioner went home and treated the areas with ice. He did not consult a physician until approximately one week had elapsed without improvement of the painful condition in his knee. This injury was of particular concern to petitioner because he had, in April 1989, undergone surgery and then months of physical therapy to repair a torn medial meniscus of the same knee.

Upon consulting his orthopedic surgeon on August 24, 1989, petitioner was advised that the injury was probably a sprain and that it could be weeks or even months before the pain subsided. When the pain persisted despite the passage of time, petitioner returned to his doctor and was scheduled for a Magnetic Resonance Imaging (MRI) test on November 15, 1989. The results, which were received the following week, established that petitioner had retorn his left medial meniscus.

In an attempt to avoid having surgery again, petitioner next began a regimen of exercises prescribed by his doctor to

strengthen the injured knee. However, the pain increased in the ensuing weeks, and surgery was performed to repair the condition on December 15, 1989.

Petitioner consulted his attorney upon the latter's return from a holiday vacation in early January, and signed the petition seeking leave to file a late notice of claim on January 6, 1990. It was served on January 26, 1990, less than two and one-half months after the expiration of the 90-day period prescribed in General Municipal Law § 50-e. By order of the IAS part, the petition for leave to file a late notice of claim was denied.

While cognizant that the decision to grant or deny an application pursuant to General Municipal Law § 50-e (5) is a discretionary one *(Cohen v Pearl Riv. Union Free School Dist.,* 51 NY2d 256, 265), we conclude that its denial in these circumstances was improvident and, accordingly, reverse. In making this determination, we note that the seriousness of petitioner's injury was not readily apparent, and that the condition was not diagnosed, until after the 90-day period had elapsed. *(See, Matter of Wemett v County of Onondaga,* 64 AD2d 1025.)* We have also taken into account the fact that leave was sought within 90 days after the diagnosis. *(See, Matter of Castano v New York City Health & Hosps. Corp.,* 83 AD2d 836.)*

In addition, we are satisfied that the municipal defendant was not prejudiced by the minor delay, since the record establishes that it was on notice of the defective sidewalk condition prior to the accident *(see, Matter of Nayyar v Board of Educ.,* 169 AD2d 628; *Passalacqua v County of Onondaga,* 94 AD2d 949) and the sidewalk defect remained unchanged at the time of the filing of the petition. *(Swensen v City of New York,* 126 AD2d 499, *lv denied* 70 NY2d 602.)* Concur—Milonas, J. P., Ross, Asch and Kassal, JJ.