■ ELSIE P. HACK, Appellant, v CITY OF SYRACUSE et al., Respondents. (Appeal No. 1.) [682 NYS2d 746] —Order unanimously reversed on the law without costs and motion granted. Memorandum: Supreme Court abused its discretion in denying plaintiff's motion to extend the time to serve a notice of claim pursuant to General Municipal Law § 50-e (5) (*see, Matter of Halperin v City of New York*, 127 AD2d 461, 462-463; *see also, Matter of Cody v Village of Lake George*, 158 AD2d 888, 889). The requirements of that section were met. The City of Syracuse (defendant) acquired actual knowledge of the facts from which the claim arose through plaintiff's timely service of a notice of claim for property damage within two days after the oc-

currence of the automobile accident involving one of defendant's vehicles (*see*, General Municipal Law § 50-e [5]), and plaintiff alleged that the nature and extent of her injuries were unknown to her at that time. There was no substantial prejudice to defendant resulting from the absence of notice for 10 months that plaintiff's damages included personal injuries (*see*, *Matter of Wemett v County of Onondaga*, 64 AD2d 1025, 1026; *see also*, *Raizner v City of New York*, 174 AD2d 423, 424; *Passalacqua v County of Onondaga*, 94 AD2d 949). In any event, defendant may demand an examination pursuant to General Municipal Law § 50-h (*see generally*, *Allouette Fashions v Consolidated Edison Co.*, 119 AD2d 481, 487, *affd* 69 NY2d 787; *Matter of Wemett v County of Onondaga*, *supra*, at 1026). (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Notice of Claim.) Present—Denman, P. J., Pine, Pigott, Jr., Balio and Fallon, JJ.