■ JUAN ROJAS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [714 NYS2d 744] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 18, 1999, as granted that branch of the plaintiff's motion which was to compel the production of the written statement of the nonparty eyewitness Robert Vuono and denied that branch of their cross motion which was for a protective order.

580] —In an action to recover damages for personal injuries, the plaintiff appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated June 21, 1999, as conditionally granted his motion to preclude the defendants from offering an abbreviated bus accident report and the testimony of the nonparty witness Robert Vuono at trial, and the defendants cross-appeal, as limited by their brief, from so much of the same order as failed to deny the plaintiff's motion unconditionally and directed the defendant New York City Transit Authority to produce Robert Vuono's written statement at least 10 days before the trial of the action.

Ordered that the order is reversed insofar as cross-appealed from, and the plaintiff's motion is denied in its entirety; and it is further,

Ordered that the appeal is dismissed as academic, in light of our determination of the cross appeal; and it is further,

Ordered that the defendants are awarded one bill of costs.

The filing of the notice of appeal by the defendants from so much of the prior order of the same court dated March 10, 1999, as granted the plaintiff's motion to compel the production of the written statement of the nonparty witness Robert Vuono (*see, Rojas v New York City Tr. Auth.,* 276 AD2d 684 [decided herewith]), had the effect of automatically staying enforcement of that portion of the order (*see,* Public Authorities Law § 1212-a [3]; *cf., Eastern Paralyzed Veterans Assn. v Metropolitan Transp. Auth.,* 79 AD2d 516). Thus, since that appeal was pending, it was inappropriate for the Supreme Court to again direct that the statement be produced.

The plaintiff's remaining contentions are without merit. O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.