■ JUAN ROJAS, Respondent, v NEW YORK CITY TRANSIT AUTHORITY et al., Appellants. [714 NYS2d 744] —In an action to recover damages for personal injuries, the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Hutcherson, J.), dated February 18, 1999, as granted that branch of the plaintiff's motion which was to compel the production of the written statement of the nonparty eyewitness Robert Vuono and denied that branch of their cross motion which was for a protective order.

Ordered that the order is reversed insofar as appealed from, with costs, that branch of the motion which was to compel the production of the nonparty witness is denied, and that branch of the cross motion which was for a protective order is granted.

Under CPLR 3101 (d) (2), "materials otherwise discoverable * * * and prepared in anticipation of litigation or for trial by or for another party, or by or for that other party's representative * * * may be obtained only upon a showing that the party seeking discovery has substantial need of the materials in the preparation of the case and is unable without undue hardship to obtain the substantial equivalent of the materials by other means". Here, the Supreme Court ordered the defendant New York City Transit Authority to produce the written statement of a nonparty eyewitness, which, upon the direction of its defense counsel, was taken by its claims examiner. The written statement of an eyewitness to an accident is "truly material prepared for litigation" (*Zellman v Metropolitan Transp. Auth.,* 40 AD2d 248, 251), and is "qualifiedly exempt from disclosure" (*Shiu Yu Liang v Bateman,* 68 AD2d 934; *see, Williams v Metropolitan Transp. Auth.,* 99 AD2d 530; *Reese v Long Is. R. R. Co.,* 24 AD2d 581). Since the plaintiff failed to demonstrate that the "substantial equivalent" of this statement could not "be obtained by other means without undue hardship" (*Davila v Environmental Prods. & Servs.,* 270 AD2d 224), it need not be disclosed. O'Brien, J. P., Friedmann, Krausman and Schmidt, JJ., concur.