■ In the Matter of ROSEMARIE JOHNSTON, Individually and as Administratrix of the Estate of GEORGE V. JOHNSTON, III,

Deceased, Appellant, v Town of Putnam Valley Police Department, Respondent.—Casey, J. P. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Dickinson, J.), entered September 5, 1989 in Putnam County, which denied petitioner's application pursuant to General Municipal Law § 50-e (5) for leave to serve a late notice of claim.

Petitioner seeks to recover damages for the wrongful death of her son due to injuries sustained when his motorcycle struck a chain which was stretched across a private roadway in the Town of Putnam Valley, Putnam County. The municipality's liability is based upon allegations that one of respondent's officers was involved in a high-speed chase of petitioner's son, in violation of respondent's rules and guidelines. The accident occurred on June 16, 1988 and petitioner's son was pronounced dead on arrival at the hospital. Limited letters of administration were issued to petitioner on November 18, 1988. Respondent's records were sent to petitioner's attorneys on January 3, 1989. Petitioner retained new counsel on April 18, 1989 and, by order to show cause dated July 6, 1989, petitioner moved, pursuant to General Municipal Law § 50-e (5), for permission to serve a late notice of claim. The motion was denied and this appeal ensued.

Supreme Court concluded that petitioner had not demonstrated good cause for her failure to file a notice of claim in a timely fashion, a conclusion which is amply supported by the record. Respondent's file was sent to petitioner's former attorneys well within the 90-day period. Petitioner's papers submitted in support of her motion contain no reason for her former attorneys' failure to file a claim. Nor is there any excuse presented for the newly retained counsel's 78-day delay in moving for permission to serve a late notice of claim *(see, Matter of Morgan v City of Elmira,* 115 AD2d 885, *appeal dismissed* 67 NY2d 905). In her reply affidavit, submitted in response to respondent's opposition papers pointing out the absence of an excuse, petitioner alleges that her former counsel felt that respondent's file was incomplete, but there is nothing in the record to show that the proposed claim is based upon any additional information obtained during subsequent investigation, either by petitioner's former counsel or present counsel. Petitioner's reply affidavit also contains an allegation that petitioner received an unspecified number of anonymous telephone calls, at some unspecified date or dates, in which the caller claimed to have knowledge of respondent's records and the caller allegedly said that records revealing the exis-

tence of a high-speed chase had been suppressed, while the records delivered to petitioner had been falsified. Supreme Court found the allegation to be incredible, noting the absence of any evidence in the record to support it. We agree.

Petitioner claims that since respondent had knowledge of the facts underlying her claim well within the 90-day period, there could be no prejudice to respondent from the delay and, therefore, her motion should have been granted (see, Montalto v Town of Harrison, 151 AD2d 652). It is clear that respondent was well aware of the general facts and circumstances surrounding the accident, but there is nothing in respondent's records to indicate an awareness that the accident was connected with any negligence on the part of the municipal corporation (see, Caselli v City of New York, 105 AD2d 251, 258). The negligence asserted in the proposed claim is a high-speed chase by one of respondent's officers in violation of departmental rules. Respondent's investigative report, however, concludes that no high-speed chase occurred. Despite the unequivocal statement of the officer involved, made during the departmental investigation, that no high-speed chase occurred, and the equally unequivocal statements of several citizen witnesses that the police car was not speeding, petitioner maintains that there are facts in respondent's records from which it could reasonably be inferred that a high-speed chase occurred. For example, petitioner claims that since the officer activated the roof top lights on his vehicle, he must have been engaged in a high-speed chase. Even if we were to accept petitioner's argument that a fact finder could reasonably conclude that a high-speed chase occurred, the fact remains that there is absolutely no evidence that respondent had actual knowledge that a high-speed chase by one of its police officers caused the accident.

A review of the record in light of all the relevant factors to be considered on a motion for permission to file a late notice of claim (see, General Municipal Law § 50-e [5]) reveals no basis for us to disturb Supreme Court's exercise of discretion in denying petitioner's motion (see, Matter of Montanez v City of New York, 156 AD2d 185). The order should, therefore, be affirmed.

Order affirmed, without costs. Casey, J. P., Weiss, Levine, Mercure and Harvey, JJ., concur.