■ PATRICIA BOWMAN, as Limited Administratrix of the Estate of ROBERT E. JOHNSON, Deceased, Appellant, v JAMES CAMPBELL, as Sheriff of the County of Albany, et al., Respondents. [597 NYS2d 772] —Casey, J. Appeal from an order of the Supreme Court (Conway, J.), entered March 23, 1992 in Albany County, which denied plaintiff's motion for permission to file a late notice of claim.

Robert E. Johnson (hereinafter decedent) died on or about August 13, 1989 while an inmate in the Albany County Jail, where he had been confined from mid-July 1989. The cause of death was asthmatic bronchitis. Without filing a notice of claim, plaintiff, as the mother of one of decedent's three children, commenced this action on August 9, 1990 in the capacity of an "applicant to be appointed Administratrix" of decedent's estate. Simultaneously, plaintiff filed an application as a "proposed Administratrix" to serve a late notice of claim upon defendants Albany County Sheriff and the County of

Albany with respect to the action. By order entered July 18, 1991, Supreme Court denied the application without prejudice due to the fact that plaintiff had not been duly appointed administratrix.

On August 23, 1991 plaintiff, having been issued limited letters of administration during the pendency of the prior application, filed another application for leave to file a late notice of claim as to both defendants. This application is the subject of the present appeal. In support of the application, plaintiff's counsel submitted an affidavit with accompanying exhibits. The affidavit attempted to explain why it took 24 months from the date of decedent's death to bring the instant application and why it took 12 months from decedent's death to bring the prior application. The delay was alleged to be due to the difficulty in ascertaining who could properly be appointed administrator or administratrix and the repeated attempts to have a duly authorized representative appointed. The affidavit further urged that defendants would not be prejudiced by the late service because they had actual knowledge of the essential facts underlying the action. Defendants opposed the application for plaintiff's failure to make a requisite showing for permission to file a late notice of claim. Supreme Court denied the application and dismissed the complaint, even though the latter relief was not specifically requested.

When an application for late filing is made, Supreme Court has broad discretion to permit or deny late service of a claim under General Municipal Law § 50-e (5). Various statutory factors must be considered (see, Matter of Stenowich v Colonie Indus. Dev. Agency, 151 AD2d 894, 896, lv denied 74 NY2d 615). Absent an abuse of discretion, Supreme Court's order will not be disturbed (Matter of Johnston v Town of Putnam Val. Police Dept., 167 AD2d 612).

Plaintiff's complaint alleges that the negligent acts were committed by employees, agents and officials of the Sheriff's Department in their care and treatment of decedent while he was a prisoner in the County Jail. Although the County has a duty to maintain the jail (see, Matter of County of Cayuga v McHugh, 4 NY2d 609), the Sheriff has a nondelegable duty to keep prisoners in the County Jail safe (see, Kemp v Waldron, 115 AD2d 869). It is also the general rule that absent a legislative assumption of responsibility, a county is not liable

for the acts of the Sheriff or the Sheriff's deputies* *(see, Green v County of Fulton,* 123 AD2d 88, 89). In these circumstances, and in the absence of an allegation in the complaint that any employee of the County participated in the negligent acts, it cannot be said that the County acquired actual knowledge of the essential facts of the claim from the events themselves or from any subsequent investigation *(see, Braverman v City of White Plains,* 115 AD2d 689). In view of the length of the delay involved here, which has not been adequately explained, we agree with Supreme Court that the delay was unreasonable and we are unable to conclude that the County was not prejudiced by the lengthy delay. A review of the record in light of all the relevant factors to be considered *(see,* General Municipal Law § 50-e [5]) establishes that Supreme Court did not abuse its discretion in denying plaintiff's motion *(see, Matter of Johnston v Town of Putnam Val. Police Dept., supra).* Lacking a notice of claim, which is a condition precedent to a tort action against the County (County Law § 52; General Municipal Law § 50-e [1]), plaintiff has no viable cause of action against the County for decedent's pain and suffering and, therefore, Supreme Court properly dismissed the action against the County *sua sponte.*

Supreme Court's denial of plaintiff's motion to file a late notice of claim against the Sheriff was correct because it was unnecessary. A notice of claim is not required to permit an action against the Sheriff *(see, Williams v Town of Irondequoit,* 59 AD2d 1049, 1050). As to the dismissal of plaintiff's complaint against the Sheriff, we affirm that part of the dismissal which alleged that the Sheriff was vicariously liable for the acts and omissions of his deputies and correction officers at the County Jail. It is well established that the Sheriff cannot be held responsible for the tortious conduct of the correction officers, deputies and employees arising from their performance of a criminal function *(Barr v County of Albany,* 50 NY2d 247, 257), which the conduct of the deputies and employees here clearly was. The complaint, however, is valid and should be reinstated to the extent that it alleges negligence on the part of the Sheriff based on his own acts or omissions *(see, Wilson v Sponable,* 81 AD2d 1, 4-6, *appeal dismissed* 54 NY2d 834).

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur.

* Although the constitutional provision which provides the basis for this general rule (NY Const, art XIII, § 13 [a]) has been amended, the amendment does not apply retroactively *(see, Brooks v County of Onondaga,* 167 AD2d 862).

Ordered that the order is modified, on the law, without costs, by reversing so much thereof as dismissed that portion of plaintiff's complaint which seeks to recover damages from defendant Albany County Sheriff based upon said defendant's own acts or omissions, and, as so modified, affirmed.