Patricia A. BURKE, as Limited Administratrix of and singular of the goods, chattels, and credits which were of Robert C. Burke, Deceased, Plaintiff,

v.

The WARREN COUNTY SHERIFF'S DEPARTMENT, Warren County Sheriff Frederick C. Lamy, Sergeant Michael Greene, Deputy Cal Jordan, Deputy John Watson, and the County of Warren, Defendants.

No. 90–CV–597.

United States District Court,
N.D. New York.

June 30, 1995.

---

Altman & Plaine, Albany, NY, for plaintiff (Frederick M. Altman, of counsel).

Muller & Muller, Glens Falls, NY, for defendants Warren County Sheriff's Dept., Warren County Sheriff Frederick C. Lamy, Sergeant Michael Greene, Deputy Cal Jordan, and Deputy John Watson (Robert J. Muller, of counsel).

Law Offices of Robert A. Murphy, Jr., Albany, NY, for defendant Warren County (David E. Winans, of counsel).

### MEMORANDUM–DECISION AND ORDER

MUNSON, Senior District Judge.

Plaintiff brought this civil rights suit under 42 U.S.C. § 1983, alleging violations of her deceased husband's rights under the Eighth and Fourteenth Amendments to the United States Constitution. Her complaint also stated a supplemental state cause of action for negligence. In a Memorandum–Decision and Order ("MDO") dated November 25, 1994, the court granted defendants' motions for summary judgment dismissing plaintiff's § 1983 claims. Although it dismissed all of plaintiff's federal claims, the court denied without prejudice defendants' motions for

summary judgment on plaintiff's supplemental claim for negligence.

Currently before the court are defendants' renewed motions for summary judgment dismissing plaintiff's negligence claims.[1] Plaintiff cross-moves for summary judgment and for reconsideration of that portion of the court's November 25, 1994 MDO dismissing her claims for "pain and suffering."

The court heard oral argument on the motions on May 30, 1995 in Albany, New York.

## BACKGROUND

The facts and disputes at the center of this case are fully set forth in the court's November 25, 1994 MDO. In short, plaintiff seeks to recover for defendants' lack of due care in failing to prevent her husband Robert Burke ("Burke") from committing suicide while incarcerated at the Warren County Jail.

In its November 25, 1994 MDO the court dismissed all federal claims against defendants, holding that there is insufficient evidence in the record for a reasonable jury to conclude that defendants acted with deliberate indifference to a strong likelihood that Burke would commit suicide in the Warren County Jail. As to defendants Jordan and Watson, the court held that plaintiff failed to demonstrate that they knew of and disregarded an excessive risk to Burke's health or safety. As to defendant Greene, the court held that even if Greene knew of and disregarded a risk that Burke might commit suicide, Burke did not display a strong likelihood of suicide. Because plaintiff's § 1983 claim was therefore dismissed as to defendants Jordan, Watson, and Greene, the court further dismissed the claim against all other defendants, reasoning that since no constitutional injury could be proven, no defendant could be liable.

Although all federal claims were dismissed, the court declined to dismiss plaintiff's common law negligence claim, citing judicial economy and fairness as reasons for retaining the state law claim. Thus the court denied without prejudice, and with leave to renew, defendants' summary judgment motion as it applied to the negligence claim.

## DISCUSSION

### A. TIMELINESS OF THE MOTION

■ Plaintiff argues that defendants' renewed motion for summary judgment is an untimely motion to amend a judgment under Federal Rule of Civil Procedure 52(b). Acknowledging that the court expressly invited defendants to renew the motion, plaintiff challenges the court's extension of time to file the motion as violative of the Amended Rule 16 Stipulation, and the Federal Rules of Civil Procedure. Specifically, plaintiff argues that the court may not extend the time for defendants to file motions pursuant to Federal Rule of Civil Procedure 6(b) because that Rule exempts from its scope actions taken under Rule 52(b).

Rule 52(b) relates to motions to amend a "judgment", which is defined in Rule 54 as "any order from which an appeal lies." Fed. R.Civ.P. 54. Plaintiff asserts that the court's previous ruling on defendants' summary judgment motion constitutes a judgment, because an appeal *could* issue. Therefore, she concludes, the court can not apply Rule 6(b) to extend the deadline for defendants to move for summary judgment.

The court disagrees with plaintiff's novel argument. With certain exceptions not applicable here, Rule 6(b)(2) allows the court, upon motion, to extend any deadline where the failure to act within the specified period was the result of excusable neglect. Fed. R.Civ.P. 6(b)(2). The court construes defendants' motion papers to be a motion to extend pursuant to Rule 6(b)(2), and finds that the failure of defendants to make substantive arguments addressing plaintiff's negligence claim was excusable given the likelihood that such claims would be dismissed if plaintiff's federal claims were dismissed. *See Federman v. Empire Fire and Marine Ins. Co.,*

---

1. The motion was brought by defendants Warren County Sheriff's Department, Warren County Sheriff Frederick C. Lamy, Sergeant Michael Greene, Deputy Cal Jordan and Deputy Jack Watson. Defendant County of Warren joins the motion without submitting papers. *See* Mar. 23, 1995 Letter to Court from Attorney Winans, Doc. 58.

597 F.2d 798, 809 (2d Cir.1979) ("dismissal of the state claim is the recommended procedure ... in cases where the federal claim is disposed of prior to the trial"). Further, the court's order denying summary judgment on plaintiff's negligence claim is not a "final decision" within the meaning of 28 U.S.C. § 1291, and therefore is unappealable. *See Group Health Inc. v. Blue Cross Ass'n,* 793 F.2d 491, 496 (2d Cir.1986) (denial of summary judgment "ordinarily" unappealable); *cf. Milltex Indus. Corp. v. Jacquard Lace Co.,* 922 F.2d 164, 167 (2d Cir.1991) (denial of summary judgment not a final order for *res judicata* purposes). Because the order was not appealable, it was not a judgment within the meaning of Federal Rule of Civil Procedure 54, and therefore defendant's current motion is not a motion to amend a judgment pursuant to Federal Rule of Civil Procedure 52(b). Because defendants' motion is not among those specifically excluded from Rule 6(b), the court was within its authority to extend the time for defendants to file the instant motion. Therefore, plaintiff's objection to the extension of time for defendants to file its motion for summary judgment is unwarranted, and the court proceeds to assess the cross-motions for summary judgment on their merits.

## B. SUMMARY JUDGMENT STANDARDS

▉ Under Federal Rule of Civil Procedure 56(c), summary judgment shall enter if, when viewing the evidence in the light most favorable to the nonmovant, the court determines that there is no genuine issue of material fact and the movant is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Eastman Kodak Co. v. Image Technical Servs., Inc.,* 504 U.S. 451, 456, 112 S.Ct. 2072, 2076, 119 L.Ed.2d 265 (1992); *Commander Oil v. Advance Food Serv. Equip.,* 991 F.2d 49, 51 (2d Cir.1993). Where the moving party does not bear the ultimate burden of proof on an issue, that party satisfies its summary judgment burden "by pointing to the absence of evidence to support an essential element of the non-moving party's claim." *Brady v. Town of Colchester,* 863 F.2d 205, 211 (2d

Cir.1988). Where the movant does shoulder the burden of proof, it must establish that there is no genuine issue of material fact to decide regarding any element of that party's claim. *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). In either case, if the movant satisfies its initial summary judgment burden, then the burden shifts to the nonmovant to proffer evidence demonstrating that a trial is required because a disputed issue of material fact exists. *Weg v. Macchiarola,* 995 F.2d 15, 18 (2d Cir.1993). To survive the motion for summary judgment the nonmovant must do more than present evidence that is merely colorable, conclusory, or speculative, *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 249–50, 106 S.Ct. 2505, 2510–11, 91 L.Ed.2d 202 (1986), and furthermore must show more than "some metaphysical doubt as to the material facts." *Matsushita Electric Industrial Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S.Ct. 1348, 1355, 89 L.Ed.2d 538 (1986). In other words, the nonmovant must demonstrate that there are issues of fact that must be decided by a factfinder, because "they may reasonably be decided in favor of either party." *Thompson v. Gjivoje,* 896 F.2d 716, 720 (2d Cir.1990).

## C. NEGLIGENCE

▉ Negligence is " 'conduct which falls below the standard established by law for the protection of [people] against unreasonable risk.' " *Cygan v. City of New York,* 165 A.D.2d 58, 67, 566 N.Y.S.2d 232, 238 (1st Dep't 1991) (quoting W. PAGE KEETON ET AL., PROSSER AND KEETON ON THE LAW OF TORTS § 43, at 280 (5th ed. 1984)). In order to establish a prima facie case of negligence, a plaintiff must demonstrate (1) the existence of a duty on defendant's part as to plaintiff, (2) a breach of this duty, and (3) an injury to the plaintiff as a result thereof. *Akins v. Glens Falls City School Dist.,* 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 648, 424 N.E.2d 531, 535 (1981); *Gaeta v. City of New York,* 624 N.Y.S.2d 47, 48 (2d Dep't 1995).[2]

---

**2.** The negligence standard is distinguishable from the standard of deliberate indifference. The latter standard embodies both objective and subjective elements. *Hathaway v. Coughlin,* 37 F.3d 63 (2d Cir.1994); see also *Farmer v. Brennan,* — U.S. —, —, 114 S.Ct. 1970, 1979,

The existence and scope of an alleged tortfeasor's duty of due care are legal issues to be resolved by the court prior to submission of a case to the jury. *Palka v. Servicemaster Management Servs.,* 83 N.Y.2d 579, 585, 611 N.Y.S.2d 817, 820, 634 N.E.2d 189, 192 (1994). In assessing these issues, the court has no resort to an algebraic formula; such decisions are made on a case-by-case basis, informed by a variety of logical, moral, and public policy considerations. *Eiseman v. State,* 70 N.Y.2d 175, 187, 518 N.Y.S.2d 608, 614, 511 N.E.2d 1128, 1134 (1987). The court examines both the wrongfulness of a defendant's action or inaction, and the injured person's reasonable expectation of care. *Turcotte v. Fell,* 68 N.Y.2d 432, 437, 510 N.Y.S.2d 49, 52, 502 N.E.2d 964, 967 (1986). As stated by Chief Judge Cardozo, "[t]he risk reasonably to be perceived defines the duty to be obeyed...." *Palsgraf v. Long Island R.R. Co.,* 248 N.Y. 339, 344, 162 N.E. 99, 100 (1928). Applying these principles to the instant case, prison authorities incur a duty of due care to prevent a prison suicide when they know or should know that a prisoner is prone to suicide. *Gordon v. City of New York,* 70 N.Y.2d at 840, 523 N.Y.S.2d at 446, 517 N.E.2d at 1332 (1987).

In determining whether a breach of duty has occurred, the finder of fact considers whether the resulting injury was a reasonably foreseeable consequence of defendants' conduct. *Gordon,* 70 N.Y.2d at 841, 523 N.Y.S.2d at 446, 517 N.E.2d at 1332. If a breach has occurred, the factfinder must determine whether injury proximately resulted from the breach. *Gaeta,* 624 N.Y.S.2d at 48.

New York courts often have noted that negligence actions are particularly ill-suited to summary judgment, since questions involving the reasonableness of a person's conduct are ordinarily reserved for resolution by a trier of fact. *See, e.g., People v. Harrison,* 57 N.Y.2d 470, 477–78, 457 N.Y.S.2d 199, 203–04, 443 N.E.2d 447, 451–52 (1982); *Ugarriza v. Schmieder,* 46 N.Y.2d 471, 475–76, 414 N.Y.S.2d 304, 306, 386 N.E.2d 1324, 1326 (1979). Nonetheless, the mere incantation of the word negligence "does not provide an automatic entree to a jury." *McCummings v. New York City Transit Auth.,* 81 N.Y.2d 923, 929, 597 N.Y.S.2d 653, 656, 613 N.E.2d 559, 562, *cert. denied,* —— U.S. ——, 114 S.Ct. 548, 126 L.Ed.2d 450 (1993) (Titone, J., dissenting). Upon a motion for summary judgment, the court must "make a threshold determination as to whether the plaintiff, by introducing adequate evidence on each element, has made out a case sufficient in law to sustain a jury verdict." *Basso v. Miller,* 40 N.Y.2d 233, 241–42, 386 N.Y.S.2d 564, 568, 352 N.E.2d 868, 872–73 (1976). Where a defendant meets its summary judgment burden of showing that there is no material issue of fact on any essential element of negligence, "the claim should go no further." *Akins,* 53 N.Y.2d at 332, 441 N.Y.S.2d at 647, 424 N.E.2d at 534.

## 1. DEFENDANTS JORDAN AND WATSON

Plaintiff's negligence claim is dismissed against Jordan and Watson. Plaintiff argues that defendants had actual notice that Burke was a suicide risk by virtue of the comment of the arraigning judge that "I'm worried about this guy." However, it is undisputed that the judge's comment was never communicated to defendants Jordan and Watson. Since neither had any indication that Burke was suicidal, neither could have reasonably perceived the risk that he would kill himself, and neither can be said to have

---

128 L.Ed.2d 811 (1994) (rejecting purely objective test for deliberate indifference). First, the charged official must act with a sufficiently culpable state of mind. *Wilson v. Seiter,* 501 U.S. 294, 298, 111 S.Ct. 2321, 2323, 115 L.Ed.2d 271 (1991). Second, the alleged deprivation must be, in objective terms, "sufficiently serious." *Id.*

In its November 24, 1994 MDO, the court held that plaintiff failed to demonstrate that the actions of defendants Jordan or Watson met the subjective standards of deliberate indifference.

The court ruled that those defendants did not know of and disregard an excessive risk to Burke's health or safety. While this subjective prong is similar to the type of analysis the court must apply to plaintiff's negligence claim, it is important to note that deliberate indifference "describes a state of mind more blameworthy than negligence." *Farmer,* —— U.S. at ——, 114 S.Ct. at 1978. Thus, dismissal of plaintiff's negligence claims against Jordan and Watson is not a necessary result of the court's prior decision.

acted unreasonably by not treating him as a suicide risk. Because these defendants had no duty as a matter of law to prevent the unforeseeable, defendants' motion for summary judgment on plaintiff's negligence claim is granted as to defendants Jordan and Watson.

## 2. DEFENDANT GREENE

As against Sergeant Greene, however, defendants' motion is denied. Defendants concede that Greene knew of the arraigning judge's concern for Burke's "personal safety," and that the judge was "worried about this guy." Greene allegedly responded that he understood, and that "we'll have somebody watch him." These facts support plaintiff's contention that Greene incurred a duty to protect Burke from foreseeable harm. Clearly, material issues of fact exist on the issue of Greene's duty.

Further, the case against defendant Greene is not ripe for summary judgment because a reasonable jury could find, based on the evidence in the record, that Greene breached this duty by failing to inform other jail officials of the Judge's concerns and failing to insure that Burke was treated as a suicide risk at the jail. *See Gordon,* 70 N.Y.2d at 840, 523 N.Y.S.2d at 446, 517 N.E.2d at 1332 (officials may be liable for prisoner's self-inflicted harm if the official knew the "prisoner might harm himself."). Finally, a jury could reasonably find that Greene's inaction was a proximate cause of the injury to plaintiff. Therefore, as applied to defendant Greene, defendants' motion for summary judgment is denied.

## 3. DEFENDANTS COUNTY OF WARREN AND SHERIFF'S DEPARTMENT

Under a now-superseded provision in the New York State Constitution, neither Warren County nor the Warren County Sheriff's Department can be held liable to plaintiff. New York Constitution Article XIII section 12(a) provided in part that "the county shall never be made responsible for the acts of the sheriff." Courts interpreted this provision as precluding county liability for the tortious acts of deputy sheriffs as well as sheriffs. *Barr v. County of Albany,* 50 N.Y.2d 247, 256, 428 N.Y.S.2d 665, 669, 406

N.E.2d 481, 484 (1980); *Nichols v. County of Rensselaer,* 129 A.D.2d 167, 169, 517 N.Y.S.2d 315, 316 (3d Dep't 1987). Further, the Sheriff's Department is a division of the county, *Bardi v. Warren County Sheriff's Department,* 194 A.D.2d 21, 22, 603 N.Y.S.2d 90, 92 (3d Dep't 1993), and therefore was immune to suit under the old constitutional provision. The State constitution was amended, effective January 1, 1990, to redact the above-quoted language, relieving Sheriffs of personal liability for their acts or omissions in the discharge of their official duties. *Id.* However, because the amendment was not retroactive, *Brooks v. County of Onondaga,* 167 A.D.2d 862, 862, 561 N.Y.S.2d 963, 963 (4th Dep't 1990), the county defendants in the instant case can not be liable for actions undertaken prior to the amendment. *Bowman v. Campbell,* 193 A.D.2d 921, 923, 597 N.Y.S.2d 772, 774 (3d Dep't 1993). Thus defendants' motion for summary judgment is granted to the extent that it applies to the Warren County Sheriff's Department and the County of Warren.

## 4. DEFENDANT LAMY

Plaintiff alleges that Sheriff Lamy was negligent in failing to adequately train his staff, and in failing to provide for the reasonable safety of prisoners. Although the County has a duty to maintain the jail, the Sheriff has a nondelegable duty to keep prisoners safe. *Bowman v. Campbell,* 193 A.D.2d 921, 597 N.Y.S.2d 772, 774 (1993). However, the Sheriff can not be held vicariously liable for the tortious conduct of corrections officers arising out of their performance of a criminal justice function. *Barr v. County of Albany,* 50 N.Y.2d 247, 257, 428 N.Y.S.2d 665, 670, 406 N.E.2d 481, 485 (1980). The Sheriff can be held liable only for his own negligence.

From the complaint and plaintiff's papers in opposition to defendants' motion for summary judgment, the court discerns four distinct bases for plaintiff's claim that Sheriff Lamy was negligent. First, she asserts that Sheriff Lamy was negligent because Sergeant Greene ignored the warning of the arraigning judge that Burke was a threat to himself, thereby violating Sheriff

Lamy's policy of reporting such a warning to corrections officers. Second, plaintiff questions the adequacy of the CPR training given to Officers Jordan and Watson, because she disputes the timeliness and competence of their efforts to resuscitate Burke. Third, plaintiff claims the Sheriff was negligent in allowing the monitoring cameras in the jail to fall into disrepair, thereby increasing the possibility that Burke would succeed in his suicide attempt. Finally, plaintiff vaguely asserts that Sheriff Lamy is responsible for the failure to treat Burke as a suicide risk, which presumably would have prevented his death.

Because plaintiff presents no evidence indicating that Sheriff Lamy was *personally* negligent, defendants' motion for summary judgment must be granted as to the Sheriff. First, plaintiff presents no evidence tending to suggest that Sergeant Greene's inaction resulted from an inadequacy in Sheriff Lamy's training regimen. To the contrary, plaintiff merely claims that Greene *violated* a jail policy, rather than that the policy itself was inadequate. Similarly, even assuming that the efforts of Jordan and Watson to resuscitate Burke were incompetent, plaintiff has failed to show that Sheriff Lamy's training program was inadequate. Further, although defendants concede that the monitoring cameras in the jail were not operational at the time of Burke's suicide, it is the County, not the Sheriff, which bears the responsibility for maintaining the facility. *Bowman,* 597 N.Y.S.2d at 774, 193 A.D.2d at 921. In addition, it is not disputed that the cameras were designed to monitor prisoners in the "catwalk" area of the jail, not in the individual cells. *See* Sheriff Lamy's Deposition, Exh. 22 attached to Document 20, at 88–90. Thus, the failure to maintain and utilize the cameras was not a proximate cause of Burke's death. Finally, plaintiff fails to point a specific deficiency in Sheriff Lamy's suicide screening program, but rather simply asserts that the Sheriff is responsible for the failure to treat Burke as a suicide threat. Without evidence to support it, this allegation is insufficient to survive defendants' motion for summary judgment.

In short, because defendants demonstrate that there are no genuine issues of material fact relating to plaintiff's negligence claim against Sheriff Lamy, defendants' motion for summary judgment is granted as to defendant Lamy.

D. PLAINTIFF'S CROSS–MOTION

Plaintiff cross-moves for summary judgment on her negligence claims, and for reconsideration of that portion of the court's November 25, 1994 MDO that dismissed plaintiff's third cause of action.

Plaintiff's motion for reconsideration clearly is untimely. Local Rule of Civil Procedure 7.1(g) requires that motions for reconsideration be filed and served no later than ten days after the entry of the order concerned. N.D.N.Y.Local Rule 7.1(g). In the instant case plaintiff's reconsideration motion was filed on May 8, 1995, more than five months after the challenged MDO was issued. Therefore plaintiff's motion for reconsideration is denied as untimely.

Plaintiff's summary judgment motion must also be denied. As to defendants Jordan, Watson, Warren County and the Warren County Sheriff's Department, plaintiff's claims are dismissed as a matter of law. As against the remaining defendants, Greene and Lamy, issues of fact remain, as enumerated above. Therefore plaintiff's motion for summary judgment is denied.

CONCLUSION

In sum, defendants' motion for summary judgment on plaintiff's negligence claim is granted in so far as it applies to defendants Lamy, Jordan, Watson, the County of Warren, and the Warren County Sheriff's Department. Defendants' motion is denied in so far as it addresses plaintiff's claims against defendant Greene. Plaintiff's cross-motion is denied in its entirety.

It is So Ordered.