**Alexandrine York MONTESSI, Plaintiff,**

v.

**AMERICAN AIRLINES, INC., et al., Defendants.**

No. 95 Civ. 3498(CBM).

United States District Court, S.D. New York.

Aug. 29, 1996.

Steven B. Kaufman, New York City, for Plaintiff.

Quirk and Bakalor, P.C., by Donna H. Bakalor, Merrick, for Defendants.

## MEMORANDUM OPINION

MOTLEY, District Judge.

The instant suit was commenced by plaintiff in New York State Supreme Court alleging that she sustained injuries as a passenger on two separate flights of defendant airline. In May of 1995, defendants removed the case to the Southern District of New York based on diversity jurisdiction. Defendants have moved for summary judgment alleging, *inter alia,* that there are no genuine issues of material fact pertaining to the incidents underlying the instant action. For the reasons set forth below, plaintiff's cursory allegations in opposition to the motion are wholly insufficient to establish a genuine issue of material fact to withstand summary judgment. Accordingly, defendants' motion is granted and the complaint dismissed in its entirety.

## FACTS

Plaintiff Alexandrine York Montessi (hereinafter "plaintiff") is a resident of New York State. Defendants are American Airlines, Inc. (American), which is incorporated in the State of Delaware with its principal place of business in Texas, and two of American's pilots (named fictitiously in the complaint) (hereinafter, collectively, "defendants").

Defendants have moved for summary judgment in this case alleging that "[p]laintiff, as a matter of law, has not put forth sufficient evidence to support any of her three causes of action." (Aff. of Donna H. Bakalor, Esq., dated May 14, 1996, at ¶ 20 (hereinafter "Bakalor Aff.")). In support of their motion, defendants submit affidavits of the pilots responsible for the flights on which plaintiff alleges she was injured.

The facts, as described by plaintiff, are as follows. On April 13, 1992, plaintiff purchased a round-trip airline ticket with American for a flight from New York City to San Juan, Puerto Rico and back. According to plaintiff's allegations, on April 15, 1992, the initial flight to San Juan was abruptly interrupted at takeoff and plaintiff was "violently thrown about." (Plf.'s Aff. at ¶ 3.) Furthermore, plaintiff alleges that: "[a]lthough I was wearing a seat belt, I banged my head, face, neck and knees on the seat in front of me." (*Id.*) The plane apparently departed New York soon thereafter without incident. Upon arrival, plaintiff was apparently feeling "very poorly" and received what she called a "cursory examination" from a local doctor and

then "took Tylenol for [her] pain and remained in bed during the course of [her] stay in Puerto Rico." (*Id.* at 4.)

Eight days later, on April 23, 1992, plaintiff took her return flight to New York. About one hour after takeoff from San Juan, the passengers were told that due to mechanical problems the aircraft would return to San Juan. Plaintiff then alleges that she "started hearing a very loud repetitive noise and observed smoke coming from one of the engines." (*Id.* at ¶ 5.) It is further alleged by plaintiff that "[t]he plane began a rapid descent and change of direction, and I was thrown into the seat in front of me." Plaintiff also asserts, once again, that: "[a]lthough I was wearing a seatbelt, I banged my head, chest and knees into the seat in front of me." (*Id.*) In addition, her neck allegedly "snapped back" and she was "thrown back into [her] seat." (*Id.*)[1]

Defendants have submitted affidavits of each of the pilots in charge of these two flights and both allege that the violent incidents described by plaintiff did not occur. Indeed, Captain Dallas, who piloted the New York to San Juan leg of plaintiff's round-trip excursion, described the flight as "uneventful." (Bakalor Aff. at Exh. G (Affidavit of Allen Dallas, dated May 7, 1996, at ¶ 3)). The flight records and other documentation submitted by both defendants and plaintiff fail to indicate in any way that there was a smoking engine and a rapid descent as plaintiff alleges. (*See* Bakalor Aff. at Exh. I; Affidavit of Steven B. Kaufman, dated June 10, 1996, (hereinafter "Kaufman Aff."), at Exh. A.)

After return to New York, plaintiff alleges that she was treated by three medical professionals: an orthopedist, a chiropractor and a neurologist. (*Id.* at ¶ 11.) She also alleges that she was treated at an outpatient clinic at Columbia Presbyterian Hospital. (*Id.*) Plaintiff alleges that she was diagnosed as "suffering from cervical radiculopathy and a displaced cervical disc as a result of the ... incidents." (*Id.*)

In further opposition to the motion, plaintiff has submitted what purport to be physician's notes and letters from two medical professionals, a chiropractor and a neurologist. (Kaufman Aff. at Exh. B (Letter of Dr. Stuart N. Landesburg and Letter of Dr. Derek G. Randall, respectively).) These unsworn reports, notes and letters are submitted collectively as a single exhibit to the affidavit of plaintiff's attorney in opposition to the instant motion. (*Id.* at Exh. B.) Moreover, most of the notes are illegible and fail to show any causal connection between the injuries allegedly sustained and defendants' actions. The two letters referenced above, written to plaintiff's attorney in apparent contemplation of litigation, state simply that plaintiff appears to have suffered whiplash from the incidents on the American flights. (*Id.*)

Plaintiff's first two causes of action in her complaint together seek $2,000,000.00 for damages suffered during the two legs of the round-trip flight. Plaintiff's third cause of action seeks $2,100.00 for the loss of her luggage.

## ANALYSIS

### I.  SUMMARY JUDGMENT STANDARD.

▪ Second Circuit case law has long made clear that "properly employed, summary judgment is a useful device for unmasking frivolous claims and putting a swift end to meritless litigation." *Quinn v. Syracuse Model Neighborhood Corp.*, 613 F.2d 438, 445 (2d Cir.1980) (citations omitted).

▪ A motion for summary judgment shall only be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.Proc. 56(c). *See also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505, 2509–10, 91 L.Ed.2d 202 (1986). "[T]he plain language of Rule 56(c) mandates the entry of summary

---

1.  After return to the San Juan airport, plaintiff alleges that she left her luggage in the custody of an American representative. Upon her return to retrieve the luggage, the contents thereof, which were allegedly worth $2,100.00, were missing. (Plf.'s Aff. at ¶¶ 9–10.)

judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S.Ct. 2548, 2552, 91 L.Ed.2d 265 (1986). Where no such showing is made, "[t]he moving party is 'entitled to a judgment as a matter of law.'" *Id.* at 323, 106 S.Ct. at 2552. Moreover, "a complete failure of proof concerning an essential element of the nonmoving party's case *necessarily renders all other facts immaterial."* *Id.* (emphasis added). Initially, the movant's burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Id.* at 325, 106 S.Ct. at 2554.

◼ When considering a motion for summary judgment, the court must view the inferences to be drawn from the facts in the light most favorable to the non-movant. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 587, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986). In order to defeat the motion the non-moving party must still establish the existence of a genuine issue of material fact for trial and may not merely rely upon the pleadings in order to defeat the motion. Fed.R.Civ.Proc. 56(e); *Celotex Corp.,* 477 U.S. at 322–324, 106 S.Ct. at 2552–2553. Similarly, "a party may not 'rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment.'" *Fletcher v. Atex, Inc.,* 68 F.3d 1451, 1456 (2d Cir.1995) (citations omitted); *Burke v. Warren County Sheriff's Dep't,* 890 F.Supp. 133, 137 (N.D.N.Y.1995) (holding party seeking to overcome motion for summary judgment must present evidence that is more than "merely colorable, conclusory, or speculative.") (citation omitted).

◼ As the Second Circuit made clear in *Quinn v. Syracuse Model Neighborhood Corp., supra:*

> [T]he mere possibility that a factual dispute *may* exist, without more, is not sufficient to overcome a convincing presentation by the moving party. The litigant

opposing summary judgment, therefore, 'may not rest upon mere conclusory allegations or denials' as a vehicle for obtaining a trial. Rather, he must bring to the district court's attention some affirmative indication that his version of relevant events is not fanciful.

613 F.2d at 445 (citations omitted and emphasis in original).

## II. THE ADEQUACY OF PLAINTIFF'S ALLEGATIONS IN OPPOSITION TO THE MOTION FOR SUMMARY JUDGMENT.

### A. Plaintiff's Negligence Claims.

◼ In a simple tort case such as this, "[i]n order to establish a *prima facie* case of negligence under New York law, a claimant must show that: (1) the defendant owed the plaintiff a cognizable duty of care; (2) the defendant breached that duty; and (3) the plaintiff suffered damage as a proximate result of that breach." *Stagl v. Delta Airlines, Inc.,* 52 F.3d 463, 467 (2d Cir.1995) (citation omitted). Defendants aver that plaintiff "has not put forth sufficient evidence to support any of her three causes of action against the defendants." (Bakalor Aff. at ¶ 20.) As more fully described below, plaintiff's lone and unsupported affidavit submitted in opposition to the motion is wholly inadequate to establish "element[s] essential to [her] case", *Celotex Corp.,* 477 U.S. at 322, 106 S.Ct. at 2552, and thus plaintiff cannot withstand summary judgment.

◼ In support of the motion for summary judgment, defendants submitted affidavits from two employees who piloted the two legs of plaintiff's voyage. Each deny the existence of any serious disruptions of the flights. With regard to the trip to San Juan, it is alleged that there was absolutely no trouble with the flight. With regard to the return trip, it is admitted that the plane returned to San Juan after about an hour in the air, although it is alleged that there was no rapid descent as alleged by plaintiff. It is important to note that the only flight records and other information before the court are consistent with defendants' version of the facts.

In opposition to the motion, as described above, plaintiff alleges that she was "violently thrown about" in two separate incidents occurring on both flights of a single round-trip excursion. Plaintiff insists that while attempting to depart from New York, the aircraft abruptly aborted take-off, knocking plaintiff about. Similarly, during the return to New York, plaintiff alleges there was a rapid drop in altitude because one of the aircraft's engines was purportedly emitting smoke. Plaintiff fails to offer any of the following: 1) any documentary evidence to substantiate these allegations (indeed, the documentary evidence submitted by *both* parties fails to support plaintiff's allegations); 2) testimony of any other passenger on these flights that could corroborate plaintiff's story. Accordingly, the contentions concerning the incidents that purportedly caused plaintiff's alleged injuries are wholly subjective, uncorroborated by any evidence whatsoever and thus insufficient to establish a genuine issue of material fact for trial. *Meiri v. Dacon,* 759 F.2d 989, 998 (2d Cir.), *cert. denied,* 474 U.S. 829, 106 S.Ct. 91, 88 L.Ed.2d 74 (1985) (holding conclusory allegations without evidentiary support insufficient to defeat motion for summary judgment); *Rosner v. Codata Corp.,* 917 F.Supp. 1009, 1018 (S.D.N.Y.1996) (same); *Wang v. New York City Department of Correction,* 92 Civ. 0541, 1994 WL 150823, *4 (S.D.N.Y. April 20, 1994) (holding uncorroborated and conclusory allegations insufficient to withstand motion for summary judgment); *Economou v. Butz,* 466 F.Supp. 1351, 1357 (S.D.N.Y.1979) (holding "[b]ald conclusions" insufficient to defeat motion for summary judgment), *aff'd sub nom., Economou v. U.S. Dep't of Agric.,* 633 F.2d 203 (2d Cir.1980).

▮▮▮ With regard to her injuries, although she alleges that she was wearing her seatbelt on both occasions, she purportedly banged several body parts on the seat in front of her each time. Although she fails to submit the affidavit of a treating physician, she alleges—*without any factual explanation whatsoever of these injuries or their relation to the alleged breach of duty of defendants*—that she "was diagnosed by Dr. Randall as recently as April, 1996 as suffering from cervical radiculopathy and a displaced cervical disc as a result of the ... incidents." (Plf.'s Aff. at ¶ 11.) No affidavit or other sworn statement is submitted from a treating physician to describe these ailments or to identify the facts which led him or her to determine that these injuries, even assuming they exist, were caused by defendants' purportedly tortious conduct. Putting aside plaintiff's cursory and uncorroborated allegations concerning the incidents themselves, the bald statement set forth above—that she is suffering two ailments "as a result of the ... incidents" complained of—is the epitome of a legal conclusion and thus insufficient to establish a genuine issue of material fact for trial. Moreover, that plaintiff states "she was diagnosed by Dr. Randall" as having suffered such conditions is also blatant hearsay, generally inadmissible in an affidavit opposing summary judgment. *Rohrbough v. Wyeth Laboratories, Inc.,* 916 F.2d 970, 973 n. 8 (4th Cir.1990); *Vidrine v. Enger,* 752 F.2d 107, 110 (5th Cir.1984); *Witter v. Abell–Howe Co.,* 765 F.Supp. 1144, 1147 (W.D.N.Y. 1991). *See also,* Fed.R.Civ.Proc. 56(e).[2] Although plaintiff does not necessarily have to come forward with admissible evidence at the summary judgment stage, *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553 (holding nonmoving party need not "produce evidence in a form that would be admissible at trial in order to avoid summary judgment"),[3] plaintiff's submission of two conclusory letters, one from a chiropractor and one from a neurologist, that are not sworn to, were written to plaintiff's counsel and fail to establish any meaningful link between plaintiff's alleged injuries and the incidents that purport-

**2.** Rule 56(e) provides that affidavits related to motion for summary judgment "shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matter stated therein."

**3.** As noted above, a motion for summary judgment can be opposed by "any of the kinds of evidentiary materials listed in Rule 56(c), except the mere pleadings themselves," *Celotex Corp.,* 477 U.S. at 324, 106 S.Ct. at 2553: i.e., "depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any." Rule 56(c).

edly occurred on plaintiff's flights, is insufficient to establish a genuine issue of material fact for trial. *United States v. 143–147 East 23rd Street,* 77 F.3d 648, 657–658 (2d Cir. 1996) (citing Fed.R.Civ.Proc. 56(e) and affirming trial court's rejection of factual assertions set forth in unsworn letter submitted in opposition to motion for summary judgment); *cf. Davidson v. Scully,* 83 Civ. 2025, 1994 WL 669549, *20 n. 19 (S.D.N.Y. Nov. 30, 1994) (rejecting defendants' proffer of unsworn letter of physician related to plaintiff's medical condition in context of motion for summary judgment). The allegations concerning plaintiff's purported injuries are no different than if plaintiff had "rest[ed] upon [the] mere allegation ... of [her] pleading." *Anderson, supra,* 477 U.S. at 256, 106 S.Ct. at 2514. Setting forth legal conclusions more akin to a complaint's pleadings in a document identified by the misnomer "affidavit" does not in some way magically transform such assertions into proof sufficient to clear the Rule 56 hurdle. Plaintiff's conclusions amount to nothing more than conjecture which is insufficient to defeat the instant motion. *Knight v. U.S. Fire Insurance, Co.,* 804 F.2d 9, 12 (2d Cir.1986), *cert. denied,* 480 U.S. 932, 107 S.Ct. 1570, 94 L.Ed.2d 762 (1987).

In sum, plaintiff's allegations fail to meet her " 'burden of coming forward with evidence directed to specific facts showing that there is a genuine issue for trial.' " *West–Fair Electric Contractors v. Aetna Casualty & Surety Co.,* 78 F.3d 61, 63 (2d Cir.1996) (citation omitted). Indeed, the evidence before the court is so unequivocally "one-sided" that defendants "must prevail as a matter of law." *Anderson,* 477 U.S. at 252, 106 S.Ct. at 2512. Plaintiff has utterly neglected to introduce "any significant probative evidence tending to support the complaint." *First Nat'l Bank of Ariz. v. Cities Service Co.,* 391 U.S. 253, 290, 88 S.Ct. 1575, 1593, 20 L.Ed.2d 569 (1968). Moreover, plaintiff has failed to "bring to the district court's attention some affirmative indication that [her] version of relevant events is not fanciful." *Quinn,* 613 F.2d at 445. Accordingly, plaintiff cannot establish a genuine issue of material fact with regard to two critical elements of her case:

first, that there were some incidents of tortious conduct for which defendants were responsible; and second, that such incidents caused plaintiff's injuries. Summary judgment is appropriate in this case because plaintiff has failed to establish a genuine issue of material fact concerning these two elements of her claim. *See e.g. Celotex Corp., supra,* 477 U.S. at 322, 106 S.Ct. at 2552 (holding party bearing burden of proof must establish genuine issue of material fact with regard to each element of her case)[4]; *Cummiskey v. Chandris, S.A.,* 719 F.Supp. 1183, 1186 (S.D.N.Y.1989) (granting summary judgment in negligence case where plaintiff failed to offer " ' "significant probative evidence" ' " of elements of claim) (citations omitted), *aff'd,* 895 F.2d 107 (2d Cir. 1990); *cf. Leiching v. Consolidated Rail Corp.,* 901 F.Supp. 95, 98 (N.D.N.Y.1995) (recognizing that although causation is generally an issue for resolution by jury but noting "where only one conclusion may be drawn from the established facts ... the question of legal cause may be decided as a matter of law.") (citations and internal quotations omitted).

## B. Plaintiff's Claim for Lost Property.

Plaintiff also alleges to have suffered the loss of luggage that she had purportedly placed under the care of agents of defendant American. The court need not address the sufficiency of the allegations supporting this claim because the damages asserted, $2,100.00, fail to meet the minimum jurisdictional amount sufficient to vest this court with diversity jurisdiction. 28 U.S.C. § 1332(a); *Cf. Chase Manhattan Bank, N.A. v. Aldridge,* 906 F.Supp. 870, 873–875 (S.D.N.Y.1995) (holding dismissal of claims against nondiverse defendants whose presence defeated diversity jurisdiction did not confer diversity jurisdiction over action against remaining defendants where claims against other defendants failed to satisfy the amount in controversy requirement). Accordingly, Count III of the Complaint should be dismissed without prejudice.

---

**4.** Indeed, summary judgment would be appropriate had plaintiff failed to establish just *one* of these "essential elements" of her claim. *Celotex Corp., supra,* 477 U.S. at 322, 106 S.Ct. at 2552.

## CONCLUSION

For the reasons set forth above, defendants' request for summary judgment should be granted with regard to Counts I and II which are dismissed with prejudice. Furthermore, as set forth above, Count III of the complaint should also be dismissed but without prejudice.

## ORDER

For the reasons set forth in the accompanying Memorandum Opinion filed simultaneously herewith, defendants' motion for summary judgment is GRANTED as follows: Counts I and II of the Complaint are dismissed with prejudice and Count III of the Complaint dismissed without prejudice.